| United States Bankruptcy Court<br>Southern District of New York | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Neff Corp.** | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names):<br>**See Exhibit 1** | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all): **65-0626400** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D.<br>(ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No and Street, City, and State):<br>**3750 N.W. 87th Avenue, Suite 400**<br>**Miami, Florida**<br><br>ZIP CODE: **33178** | Street Address of Joint Debtor (No and Street, City, and State):<br><br><br>ZIP CODE: |
| County of Residence or the Principal Place of Business: **Miami-Dade** | County of Residence or the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE: | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE: |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE: | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☐ Individual (Includes Joint Debtors)<br>*See Exhibit D. on page 2 of this form.*<br>☒ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business.<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☒ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☒ Chapter 11<br>☐ Chapter 12<br>☐ Chapter 13    ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☐ Debts are primarily consumer primarily debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family or house-hold purpose."<br>☒ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors |
|---|---|
| ☒ Full Filing Fee attached.<br>☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☒ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*).<br>Check all applicable boxes:<br>☒ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☒ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☐ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors (On a Consolidated Basis)

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ | ☐ |

Estimated Liabilities

| $0 to 50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☒ | ☐ |

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Neff Corp.** |
|---|---|

| **All Prior Bankruptcy Case Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed: **None** | Case Number: | Date Filed: |
| Location<br>Where Filed: **None** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**See Rider 1** | Case Number: | Date Filed: |
| District:<br>**Southern District of New York** | Relationship: | Judge: |

| Exhibit A | Exhibit B |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)<br><br>☐    Exhibit A is attached and made part of this petition. | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.  I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).<br><br>X _____<br>    Signature of Attorney for Debtor(s)      (Date) |

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.<br>
☒   No.

**Exhibit D**

(To be completed by every individual debtor.  If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐   Exhibit D completed and signed by the debtor is attached and made a part of this petition.

If this is a joint petition:

☐   Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**<br>
(Check any applicable box.)

☐   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☒   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence.  (If box checked, complete the following.)

_____<br>
(Name of landlord that obtained judgment)

_____<br>
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification (11 U.S.C. § 362(l)).

| Voluntary Petition<br>*(This page must be completed and filed in every case)* | Name of Debtor(s):<br>**Neff Corp.** |
|---|---|

## Signatures

| Signature(s) of Debtors(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br><br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am ware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br><br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>    Signature of Debtor<br><br>X _____<br>    Signature of Joint Debtor<br><br>_____<br>    Telephone Number (if not represented by attorney)<br><br>_____<br>    Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code.<br>     Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1515, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>    (Signature of Foreign Representative)<br><br>_____<br>    (Printed Name of Foreign Representative)<br><br>_____<br>    Date |

| Signature of Attorney | Signature of Non-Attorney Petition Preparer |
|---|---|
| X */s/ Brian S. Lennon*<br>Signature of Attorney for Debtor(s)<br><br>**Brian S. Lennon**<br>Printed Name of Attorney for Debtor(s)<br><br>**Kirkland & Ellis LLP**<br>Firm Name<br><br>**601 Lexington Avenue**<br>**New York, New York 10022-4611**<br>Address<br><br>**(212) 446-4800**<br>Telephone Number<br><br>**May 16, 2009**<br>Date | I declare under penalty of perjury that: (1) I am a bankruptcy petition prepared as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>_____<br>Address<br><br>_____ |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>**Mark Irion**<br>Printed Name of Authorized Individual<br><br>**Chief Financial Officer**<br>Title of Authorized Individual<br><br>**May 16, 2009**<br>Date | _____<br>Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

## Exhibit 1

The following is a list of names used by the debtor and its affiliates in the last eight years:

- Neff Corp.

- Neff Finance Corp.

- Neff Holdings Corp.

- Neff Holdings LLC

- Neff Rental Inc.

- Neff Rental LLC

- LYN Holdings Corp.

- LYN Holdings LLC

- Neff Asset Management, Inc.

**Rider 1**

<u>Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor</u>

In addition to the debtor, Neff Corp., the following affiliated debtors will file chapter 11 petitions in the United States Bankruptcy Court for the Southern District of New York:

- Neff Holdings Corp.

- Neff Holdings LLC

- Neff Finance Corp.

- Neff Rental, Inc.

- Neff Rental LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NEFF CORP., | ) | Case No. 10-_____ (____) |
|  | ) |  |
|  | ) | Joint Administration Requested |
| Debtor. | ) |  |
|  | ) |  |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Entity Name & Address | Percent Ownership |
|---|---|
| Neff Holdings Corp.<br>3750 N.W. 87th Ave., Suite 400<br>Miami, FL 33178 | 100% |

## Declaration Under Penalty of Perjury

I, the undersigned authorized officer of Neff Corp., the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Dated: May 16, 2010

_____
Signature

Mark Irion
_____
Name

Chief Financial Officer
_____
Title

---

[1] This list serves as the disclosure required to be made by the Debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are based on information and belief as of the filing date.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEFF CORP., | ) Case No. 10-_____ (____) |
| | ) |
| | ) Joint Administration Requested |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to Federal Rules of Bankruptcy Procedure 1007(a)(1), 1007(a)(3), and 7007.1, the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of the debtor's equity interests:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Neff Holdings Corp. | 100% |

### Declaration Under Penalty of Perjury

I, the undersigned authorized officer of Neff Corp., the debtor in this case, declare under penalty of perjury that I have read the foregoing corporate ownership statement and that it is true and correct to the best of my information and belief.

Dated: May 16, 2010 _____

_____
Signature

Mark Irion
Name

Chief Financial Officer
Title

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEFF CORP., <u>et al.</u>,[1] | ) | Case No. 10-_____ (____) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

## CONSOLIDATED LIST OF CREDITORS
## HOLDING THE 30 LARGEST UNSECURED CLAIMS

      The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") each filed a petition in the Court for relief under chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101–1532. The following is the consolidated list of the Debtors' creditors holding the 30 largest unsecured claims (the "<u>Consolidated List</u>") based on the Debtors' books and records as of approximately May 15, 2010. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31), or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims on a consolidated basis. The information herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The information herein, including the failure of the Debtors to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtors' right to contest the validity, priority, or amount of any claim.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neff Holdings LLC (0571); Neff Corp. (6400); Neff Finance Corp. (3639); Neff Holdings Corp. (0431); Neff Rental, Inc. (0403); and Neff Rental LLC (3649). The location of the Debtors' corporate headquarters and the service address for all Debtors except Neff Holdings LLC is: 3750 N.W. 87th Ave., Suite 400, Miami, Florida 33178. The service address for Neff Holdings LLC is: 375 Park Avenue, New York, New York 10152.

| (1) Name of creditor | (2) Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3) Nature of claim (trade debt, bank loan, government contracts, etc.) | (4) Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5) Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Wells Fargo Bank, N.A., as Indenture Trustee | 213 Court St., Suite 703 Middletown, CT 06457 Attention: Corporate Trust Department Phone: (860) 704-6217 Fax: (860) 704-6219 | Bond Debt | Unliquidated | $34,286,000.00 |
| Genie Industries | 12506 Collections Center Dr. Chicago, IL 60693 Phone: (877) 897-7536 Fax: (425) 883-3475 | Trade Payable | Unliquidated | $165,815.58 |
| Clark Equipment Company d/b/a Bobcat | 75 Remittance Dr., Suite 1130 Chicago, IL 60675 Phone: (704) 655-4326 Fax: (866) 365-2960 | Trade Payable | Unliquidated | $125,144.25 |
| Compact Excavator Sales, Inc. | 400 Production Ct. Elizabethtown, KY 42701 Phone: (270) 737-1447 Fax: (270) 737-0419 | Trade Payable | Unliquidated | $98,349.02 |
| Case Machines/CNH Capital | 700 State St. Racine, WI 53404 Phone: (414) 636-6562 Fax: (262) 636-6078 | Trade Payable | Unliquidated | $72,045.00 |
| Sullivan-Palatek, Inc. | 1201 W. US Hwy. 20 Michigan City, IN 46360 Phone: (603) 543-3131 Fax: (219) 872-5043 | Trade Payable | Unliquidated | $65,914.17 |
| JLG Equipment Services Inc. | 13712 Crayton Blvd. Hagerstown, MD 21742 Phone: (770) 795-0451 Fax: (240) 420-8719 | Trade Payable | Unliquidated | $59,212.56 |
| Wacker Neuson Corporation | N92 W115000 Anthony Ave. Menomonee Falls, WI 53051 Phone: (800) 770-0957 Fax: (262) 502-6540 | Trade Payable | Unliquidated | $56,584.80 |
| Excel Equipment LLC | 2220 Prestwick Rd. Lake Oswego, OR 97034 Phone: (503) 636-6444 Fax: (503) 699-9582 | Litigation Claim | Disputed | $52,852.00 |
| Multiquip, Inc. | 23688 Network Pl. Chicago, IL 60673-1633 Phone: (866) 247-9496 Fax: (310) 537-3927 | Trade Payable | Unliquidated | $47,167.34 |
| Cintas Corporation | 6800 Cintas Blvd. Cincinnati, OH 45262 Phone: (513) 754-3575 Fax: (513) 573-4837 | Trade Payable | Unliquidated | $46,733.11 |

| (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| Great Lakes Petroleum | 5001 Wilkinson Blvd.<br>Charlotte, NC 28208<br>Phone: (800) 686-3455<br>Fax: (704) 357-6876 | Trade Payable | Unliquidated | $39,761.96 |
| Haulotte U.S. Inc. | 7135 Standard Dr.<br>Hanover MD 21076<br>Phone: (410) 712-4403<br>Fax: (419) 445 0367 | Trade Payable | Unliquidated | $36,747.32 |
| Nortrax Southeast | 24766 Network Pl.<br>Chicago, IL 60673-1247<br>Phone: (813) 635-2328<br>Fax: (309) 765-1655 | Trade Payable | Unliquidated | $36,564.82 |
| BP Lubricants USA Inc. | 1500 Valley Rd.<br>Atlanta, GA 30384<br>Phone: (800) 777-1466<br>Fax: (410) 780-8631 | Trade Payable | Unliquidated | $35,372.86 |
| Wilson-Finley Co. | 5901 Chapel Hill Rd.<br>Raleigh, NC 27636-3549<br>Phone: (804) 798-0552<br>Fax: (919) 878-3501 | Trade Payable | Unliquidated | $32,912.31 |
| A-1 Transportation Services | 172 W. 9400 South<br>Sandy, UT 84070<br>Phone: (801) 352-7666<br>Fax: (800) 535-6269 | Trade Payable | Unliquidated | $26,250.00 |
| H&E Equipment Services Inc. | 4010 S. 22nd St.<br>Phoenix, AZ 85040<br>Phone: (602) 232-0600<br>Fax: (602) 232-0620 | Trade Payable | Unliquidated | $26,246.61 |
| Hertz Equipment Rental | 225 Brae Blvd.<br>Park Ridge, NJ 07656<br>Phone: (800) 654-4740<br>Fax: (866) 777-9470 | Trade Payable | Unliquidated | $23,925.29 |
| Duhon Machinery Co., Inc. | 10460 West Airline Hwy.<br>Kenner, LA 70063<br>Phone: (504) 466-5495<br>Fax: (504) 466-5450 | Trade Payable | Unliquidated | $23,518.93 |
| Kobelco America Inc. | 311 W. Monroe St., 7th Floor<br>Chicago, IL 60606<br>Phone: (630) 260-4343<br>Fax: (281) 240-4906 | Trade Payable | Unliquidated | $22,136.95 |
| Husqvarna Construction Products | 920 Central Ave.<br>Roselle, IL 60172<br>Phone: (800) 288-5040<br>Fax: (913) 438-7951 | Trade Payable | Unliquidated | $21,313.72 |

| (1)<br>Name of creditor | (2)<br>Name, telephone number and complete mailing address, including zip code of employee, agents, or department of creditor familiar with claim who may be contacted | (3)<br>Nature of claim (trade debt, bank loan, government contracts, etc.) | (4)<br>Indicate if claim is contingent, unliquidated, disputed or subject to set off | (5)<br>Amount of claim (if secured also state value of security) |
|---|---|---|---|---|
| JLG Industries Inc. | 1 JLG Dr.<br>McConnellsburg, PA 17234<br>Phone: (717) 485-5161<br>Fax: (717) 485-6417 | Trade Payable | Unliquidated | $20,664.87 |
| Tag Manufacturing Inc. | 6989 Discovery Dr.<br>Chattanooga, TN 37416<br>Phone: (888) 490-0501<br>Fax: (423) 893-3385 | Trade Payable | Unliquidated | $20,526.41 |
| Aflac | 1932 Wynnton Rd.<br>Columbus, GA 3199-90797<br>Phone: (800) 992-3522<br>Fax: (877) 442-3522 | Trade Payable | Unliquidated | $19,694.34 |
| DSI (Data Supplies Inc.) | 3967 Commerce Pkwy.<br>Miramar, FL 33025-4000<br>Phone: (305) 625-8017<br>Fax: (305) 621-2152 | Trade Payable | Unliquidated | $17,373.51 |
| Worldwide Express | 9150 S. Dadeland Blvd. #1510<br>Miami, FL 33156<br>Phone: (305) 670-2888<br>Fax: (214) 720-2446 | Trade Payable | Unliquidated | $17,360.65 |
| Brunner & Lay Inc. | 1510 N. Old Missouri Rd.<br>Springdale, AR 72765<br>Phone: (800) 872-6899<br>Fax: (214) 638-8712 | Trade Payable | Unliquidated | $16,985.81 |
| Transport Specialists Inc. | 305 Hwy. 6 South<br>Houston, TX 77077<br>Phone: (281) 597-8118<br>Fax: (281) 597-8319 | Trade Payable | Unliquidated | $16,885.00 |
| Sullair Corporation | 1625 E. 2nd St. # 4<br>Michigan City, IN 46360<br>Phone: (800) 785-5247<br>Fax: (219) 874-1273 | Trade Payable | Unliquidated | $16,623.98 |

## Declaration Under Penalty of Perjury on Behalf of Corporation

Pursuant to 28 U.S.C. § 1746, I, Mark Irion, the duly qualified and elected Chief Financial Officer of Neff Corp., declare under penalty of perjury that I have reviewed the Consolidated List of Creditors Holding the 30 Largest Unsecured Claims and that it is true and correct to the best of my information and belief.

Dated: May 16, 2010

_____

Mark Irion
Chief Financial Officer

<u>**UNANIMOUS WRITTEN CONSENT OF THE**</u>
<u>**BOARDS OF DIRECTORS AND MANAGERS**</u>

**NEFF HOLDINGS CORP.**
**NEFF CORP.**
**NEFF RENTAL LLC**
**NEFF FINANCE CORP.**
**NEFF RENTAL, INC.**

The undersigned, being all the directors or managers, as applicable, (collectively, the "<u>Board of Directors</u>") of Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc. (each, a "<u>Company</u>" and collectively, the "<u>Companies</u>"), acting pursuant to the provisions of applicable law and the by-laws or operating agreements of each Company, as applicable, hereby take the following actions and adopt the following resolutions by unanimous written consent:

> **WHEREAS**, the special meeting was called in accordance with the by-laws or operating agreements of each Company, as applicable, any notice requirements thereof being satisfied or deemed waived; and

> **WHEREAS**, the Board of Directors has reviewed the materials presented by the management and the financial and legal advisors of the Companies regarding the liabilities and liquidity situation of the Companies, the strategic alternatives available to them, and the impact of the foregoing on the Companies' business; and

> **WHEREAS**, the Board of Directors has had the opportunity to consult with the management and the financial and legal advisors of the Companies and fully consider each of the strategic alternatives available to the Companies.

I. **Voluntary Petition Under the Provisions of Chapter 11 of Title 11 of the United States Code**

> **NOW, THEREFORE, BE IT RESOLVED**, that in the judgment of the Board of Directors, it is desirable and in the best interests of the Companies, their creditors, and other parties in interest, that the Companies file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of the Companies' affiliates, collectively, the "<u>Chapter 11 Cases</u>") under the provisions of chapter 11 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"); and

> **RESOLVED FURTHER**, that Graham Hood, Mark Irion, or any other officers of the Companies (collectively, the "<u>Authorized Officers</u>"), acting alone or with one or more other

Authorized Officers be, and they hereby are, authorized, directed and empowered, with power of delegation, to execute and file on behalf of the Companies all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Companies' businesses; and

**RESOLVED FURTHER**, that the Company and the Authorized Officers be, and they hereby are, authorized and empowered to pursue confirmation and consummation of the chapter 11 plan presented to the Board of Directors on the date hereof, together with any and all other related motions, papers, or documents (collectively, the "Plan"), and to take any and all actions that they deem necessary or proper to so pursue confirmation and consummation of the Plan; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the law firm of Kirkland & Ellis LLP as general bankruptcy counsel to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations, including filing any pleadings; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kirkland & Ellis LLP; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of AlixPartners, LLC, as restructuring advisor to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of AlixPartners, LLC; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Hilco Real Estate, LLC as real estate consultants to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith,

the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Hilco Real Estate, LLC; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Miller Buckfire & Co., LLC as investment banker to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Miller Buckfire & Co., LLC; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte Tax LLP as tax advisors to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte Tax LLP;

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Deloitte & Touche LLP as independent auditors and accountants to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Deloitte & Touche LLP; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ the firm of Kurtzman Carson Consultants LLC as notice and claims agent to represent and assist the Companies in carrying out their duties under the Bankruptcy Code, and to take any and all actions to advance the Companies' rights and obligations; and in connection therewith, the Authorized Officers, with power of delegation, are

hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Kurtzman Carson Consultants LLC; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized and directed to employ any other professionals to assist the Companies in carrying out their duties under the Bankruptcy Code; and in connection therewith, the Authorized Officers are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary.

## II. Debtor in Possession Financing

**RESOLVED FURTHER**, that the form, terms and provisions of that certain Senior Secured Debtor-In-Possession Credit Agreement (as may be amended, supplemented or otherwise modified from time to time, the "DIP Agreement" and together with any security agreement, pledge agreement, other collateral documents and each other document, instrument, certificate, guaranty, notice, or agreement executed by the Companies in connection therewith, the "DIP Documents"), among Bank of America, N.A., as administrative agent (the "DIP Agent") and each of the other financial institutions from time to time party to the DIP Agreement (together with DIP Agent, the "DIP Lenders"), which DIP Documents provide for a priming first-priority senior secured revolving credit facility to the Companies in an aggregate principal amount not to exceed $175.0 million, the proceeds of which may be used for, among other things, working capital needs and other general corporate purposes, in substantially the form submitted to the Board of Directors, be, and the same hereby are in all respects approved and ratified; and

**RESOLVED FURTHER**, that the Companies, as debtors and debtors in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur the obligations set forth in the DIP Documents and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered with power of delegation, to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Companies or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be

delivered in connection with the DIP Documents (including, without limitation, any amendments, supplements, or modifications to the DIP Documents and such other documents, agreements, certificates, writings, and instruments to be delivered in connection therewith) (collectively, the "Financing Documents"), and to grant the security interests in or liens on any real or personal property of the Companies now or hereafter acquired as contemplated by the DIP Documents and the related orders entered by the Bankruptcy Court, with full authority to indorse, assign, or guarantee any of the foregoing in the name of the Companies, in each case, as any such officer may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery thereof to be conclusive evidence that he or she deems in necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered, with power of delegation, to take such actions and execute and deliver (a) the DIP Documents; (b) the Financing Documents, (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent; and (d) such forms of collateral agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Financing Document; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered, with power of delegation, to authorize the DIP Agent to file any Uniform Commercial Code (the "UCC") financing statements, mortgages, evidence of security interest, and any other necessary assignments for security or other documents in the name of the Company that the DIP Agent deems necessary or convenient to perfect or evidence the perfection of any lien or security interest granted under the DIP Documents, including any such UCC financing statement containing a super-generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Companies, such other filings in respect of intellectual and other property of the Companies, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the DIP Documents; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered, with power of delegation, to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's obligations under or in connection with the DIP Documents or any of the Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

**RESOLVED FURTHER**, that the Authorized Officers be, and they hereby are, authorized, directed, and empowered, with power of delegation, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the DIP Documents or any of the Financing Documents which shall in their sole judgment be necessary, proper or advisable; and

**RESOLVED FURTHER**, that all acts and actions taken by the Authorized Officers prior to the date hereof with respect to the transactions contemplated by the DIP Documents and any of the other Financing Documents be, and hereby are, in all respects confirmed, approved, and ratified.

## III. Further Actions and Prior Actions

**RESOLVED FURTHER**, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees) be, and they hereby are, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further actions, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

**RESOLVED FURTHER**, that all members of the Board of Directors of the Companies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Companies, or hereby waive any right to have received such notice; and

**RESOLVED FURTHER**, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Companies, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Companies with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of the Board of Directors.

\* \* \* \* \*

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date hereof.

Dated: May 14, 2010

_____
Frederic F. Brace

_____
David H. Cynn

_____
Kenneth M. Duberstein

_____
Graham Hood

_____
Kevin Landgraver

_____
J.C. Mas

_____
Hugh E. Sawyer

_____
Mark Vassallo

This signature page corresponds to the Unanimous Written Consent of Board of Directors for: Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc.

K&E 15787391

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date hereof.

Dated: May 14, 2010

_____
Frederic F. Brace

_____
David H. Cynn

_____
Kenneth M. Duberstein

_____
Graham Hood

_____
Kevin Landgraver

_____
J.C. Mas

_____
Hugh E. Sawyer

_____
Mark Vassallo

This signature page corresponds to the Unanimous Written Consent of Board of Directors for: Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc.

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date hereof.

Dated: May 14, 2010

_____
Frederic F. Brace

_____
David H. Cynn

_____
Kenneth M. Duberstein

_____
Graham Hood

_____
Kevin Landgraver

_____
J.C. Mas

_____
Hugh E. Sawyer

_____
Mark Vassallo

This signature page corresponds to the Unanimous Written Consent of Board of Directors for: Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc.

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date hereof.

Dated: May 14, 2010

_____
Frederic F. Brace


_____
David H. Cynn


_____
Kenneth M. Duberstein

_____
Graham Hood


_____
Kevin Landgraver


_____
J.C. Mas


_____
Hugh E. Sawyer


_____
Mark Vassallo

This signature page corresponds to the Unanimous Written Consent of Board of Directors for: Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc.

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date hereof.

Dated: May 14, 2010

_____
Frederic F. Brace


_____
David H. Cynn


_____
Kenneth M. Duberstein


_____
Graham Hood


_____
Kevin Landgraver


_____
J.C. Mas


_____
Hugh E. Sawyer


_____
Mark Vassallo


This signature page corresponds to the Unanimous Written Consent of Board of Directors for: Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc.

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date hereof.

Dated: May 14, 2010

_____
Frederic F. Brace

_____
David H. Cynn

_____
Kenneth M. Duberstein

_____
Graham Hood

_____
Kevin Landgraver

_____
J.C. Mas

_____
Hugh E. Sawyer

_____
Mark Vassallo

This signature page corresponds to the Unanimous Written Consent of Board of Directors for: Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc.

**IN WITNESS WHEREOF**, the undersigned have executed this Unanimous Written Consent of Board of Directors as of the date hereof.

Dated: May 14, 2010

_____
Frederic F. Brace

_____
David H. Cynn

_____
Kenneth M. Duberstein

_____
Graham Hood

_____
Kevin Landgraver

_____
J.C. Mas

_____
Hugh E. Sawyer

_____
Mark Vassallo

This signature page corresponds to the Unanimous Written Consent of Board of Directors for: Neff Holdings Corp., Neff Corp., Neff Rental LLC, Neff Finance Corp., and Neff Rental, Inc.