UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
———————————————————————x
                                       :
In re:                                 :   Case No. 10-12610 (SCC)
                                       :
NEFF CORP., et al.,                    :
                                       :   Chapter 11
                                       :
            Debtors.                   :   (Jointly Administered)
                                       :
———————————————————————x

**OBJECTION OF THE UNITED STATES TRUSTEE TO MOTION OF THE DEBTORS
FOR ENTRY OF A FINAL ORDER (A) AUTHORIZING THE DEBTORS TO OBTAIN
POSTPETITION FINANCING AND LETTERS OF CREDIT (B) AUTHORIZING THE
DEBTORS TO USE CASH COLLATERAL, AND (c) GRANTING
<u>ADEQUATE PROTECTION TO PREPETITION SECURED LENDERS</u>**

**TO THE HONORABLE SHELLEY C. CHAPMAN, BANKRUPTCY JUDGE:**

The United States Trustee for Region 2 (the "United States Trustee") submits the following objection to the Debtors' motion for entry of an a final order (a) authorizing the Debtors to obtain postpeition financing and letters of credit (b) authorizing the Debtor to use cash collateral, and (c) granting adequate protection to prepetition secured lenders (the "DIP Motion"). <u>See</u> DIP Motion, ECF No. 24. In support of her objection, the United States Trustee alleges as follows:

### <u>Introduction</u>

The Debtors and their lenders have unilaterally determined not to file documents in connection with the DIP Motion. According to the DIP Motion, the Debtors will pay undisclosed fees to their DIP Lenders and DIP Agent pursuant to certain side

letters (the "Side Letters"). The Side Letters are an integral part of the DIP Motion. Without filing a motion to seal the side letters, nor a discussion regarding 11 U.S.C. § 107 or Bankruptcy Rule 9018, the Debtors and their lenders have determined not to file the side letters. In effect, the parties have sealed these documents without an order from the Court. Counsels sealing of these documents contravenes Bankruptcy Code § 107 and, therefore, should not be countenanced. The Side Letters should be made public.[1]

**Background**

1.  The Debtors' business consists of construction and earth moving equipment rental companies in the United States. See Declaration of Mark Iron at ¶3, ECF No. 32.

2.  On May 16, 2010, (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.  The United States Trustee has solicited the Debtors' largest unsecured creditors to determine if any of the unsecured creditors are willing to sit on an official committee. Responses

---

[1] The United States Trustee informally raised several concerns regarding the DIP Motion with counsel to the Debtors. Other than the issue raised herein, all other matters have been resolved.

to the solicitation are due May 28, 2010.

4. On the Petition Date, the Debtors filed the DIP Motion seeking approval of a $175 million debtor-in-possession facility. See DIP Motion at 2, ECF No. 24.

5. In connection with obtaining financing, the Debtors are required to pay certain undisclosed fees to their lenders. Specifically, the DIP Motion provides as follows:

> the Debtors will pay to the DIP Lenders certain up front and other arrangement fees in favor of certain of the DIP Lenders, and an administrative agency fee in favor of the DIP Agent, in each case as set forth in a confidential side letter. The Debtors have provided or will provide copies of these confidential side letters to the United States Trustee for the Southern District of New York (the "U.S. Trustee"), to the Court, and to any committee appointed in the Debtors chapter 11 cases. The Debtors request that these side letters and their contents be kept confidential pursuant to Bankruptcy Rule 9018, and be limited to the parties listed above (including being limited to only the professionals for any committee), in order to protect the sensitive commercial information of the DIP Agent and the DIP Lenders contained therein

DIP Motion at 17.

6. On May 17, 2010, at the interim hearing on the DIP Motion, the United States Trustee objected to the unilateral sealing of the Side Letters. As a result, the Debtors disclosed the amount of fees under the Side Letters on the record, but still refused to file the Side Letters. The Court requested the parties to discuss the issue prior to the final hearing on the DIP Motion.

7.  Subsequently, the DIP lenders have provide copies of the Side Letters to the United States Trustee.  After reviewing the Side Letters, this Office concluded that the Side Letters did not disclose any trade secrets, confidential research, development or commercial information of the lenders.[2]

**Argument**

*1.  Public Policy Favors Open Access
    To Bankruptcy Case Proceedings*

Federal Rule of Bankruptcy Procedure 5001(b) provides, in pertinent part, as follows: "All trials and hearings shall be conducted in open court and so far as convenient in a regular court room."  See In re Global Crossing Ltd., 295 B.R. 720, 723-24 (Bankr. S.D.N.Y. 2003).  Thus, parties seeking to deny public access to court documents must overcome a strong presumption.  Neal v. The Kansas City Star (In re Neal), 461 F.3d 1048, 1053 (8th Cir. 2006); Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.), 422 F.3d 1, 6 (1st Cir. 2005).

In the bankruptcy context, the general rule of open access is set forth in Section 107(a) of the Bankruptcy Code, which provides, in part, that subject to certain limited exceptions: "a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge." 11 U.S.C. § 107(a).

---

[2]After the United States Trustee reviewed the Side Letters, the Side Letters were returned.

See In re Food Management Group, LLC, 359 B.R. 543, 553-55 (Bankr. S.D.N.Y. 2007) (section 107 reflects Congress' intent to favor public access to papers filed with the Bankruptcy Court).

The policy of open inspection, codified generally in Section 107(a) of the Bankruptcy Code, evidences the strong desire of Congress to preserve the public's right of access to judicial records in a bankruptcy proceeding. In re Orion Pictures Corp., 21 F.3d 24, 26 (2d Cir.1994); In re Barney's, Inc., 201 B.R.703, 707 (Bankr. S.D.N.Y. 1996) ("Congress did not intend that sealed pleadings be the rule in bankruptcy cases"); In re Alterra Healthcare Corp., 353 B.R. 66, 74 (Bankr. D. Del. 2006) ("Congress has codified the historical practice of open access in bankruptcy").

   2. *The Denial Of Public Access Is An Extraordinary Remedy That Is Appropriate Only Under Very Limited Circumstances*

Limited exceptions to the general rule are contained in the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. See, generally, Food Management, 359 B.R. at 553-55. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information. Section 107(b) provides in relevant part that:

> [o]n request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may – (1) protect an entity with respect to a trade secret or confidential research,

>development, or commercial information; or (2) protect
>a person with respect to scandalous or defamatory
>matter contained in a paper filed in a case under this
>title.

11 U.S.C. § 107(b).

Bankruptcy Rule 9018 defines the procedure by which a party may move for relief under the Bankruptcy Code Section 107(b) and provides as follows:

>On motion or on its own initiative, with or without
>notice, the court may make any order which justice
>requires (1) to protect the estate or any entity in
>respect of a trade secret or other confidential
>research, development, or commercial information, (2)
>to protect any entity against scandalous or defamatory
>matter contained in any paper filed in a case under the
>Code, or (3) to protect governmental matters that are
>made confidential by statute or regulation.

Fed. R. Bankr. P. 9018.

As a limited exception to the rule, the burden is on the party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code, Section 107(b) and Rule 9018. Food Management, 359 B.R. at 561; In re Fibermark, Inc., 330 B.R. 480 (Bankr. D. Vt. 2005). Courts do not lightly ignore their mandate to conduct open proceedings. A party that invokes Section 107(b) must demonstrate that "compelling circumstances" are presentbefore a court will deviate from the rule that "all documents filed in bankruptcy cases should be available to the public." In re Hemple, 295 B.R. 200, 202 (Bankr. D. Vt. 2003); Food Management, 359 B.R. at 561.

In light of the general rule that "the public has a right to know," the sealing of records "is a highly unusual and extraordinary remedy." In re Eric Associates V, 54 B.R. 445, 448 (Bankr. E.D. Va. 1985). While "not absolute," "the right of public access to court records is firmly entrenched and well supported by policy and practical considerations...." Orion, 21 F.3d at 27. Therefore, "documents which are part of the court record should not remain under seal absent the most compelling reasons." Fibermark, 330 B.R. at 503-04. The inquiry then is whether the moving party has met its burden for keeping documents "out of the public domain." Id. at 504.

The strong presumption of openness does not permit the routine closing of judicial records to the public, and the party seeking to seal any part of a judicial record bears the heavy burden of showing (1) that the material is the kind of information that courts will protect and (2) that disclosure will work a clearly defined and serious injury to the party seeking closure. Publicker Indus., Inc. v. Cohen, 733 F.2d 1059 (3d Cir. 1984). Before sealing the record, the court must be able to articulate the compelling countervailing interests to be protected, make specific findings on the record concerning the effects of the disclosure, and provide an opportunity for interested third parties to be heard. Id. at 1072.

Moreover, to make the difficult case that the facts at hand should lead to the extraordinary remedy of hiding documents from public view, the moving party must "clearly define[]" the "serious injury" that would ensue from public disclosure of the documents. In re Cendant Corp., 260 F.3d 183, 194 (3d Cir. 2001). Vague allegations that public access to documents would cause hardship are not sufficient to defeat the clear public policy embodied in Section 107(a). See id. ("specificity is essential" for party seeking to deny public access).

Here, the Debtors and their lenders have not sought Court approval to seal the Side Letters. No motion to seal has been filed. In fact, neither the Debtors nor their lenders have set forth any argument, other than vague allegations, that the Side Letters should not be filed. Rather, the parties unilaterally have in effect sealed the Side Letters without Court approval. In fact, as noted in paragraph 6 herein, because the amount of fees under the Side Letters has already been disclosed in open court at the interim DIP hearing, the Side Letters should be made public. Fibermark, 330 B.R. at 503-04 ("documents which are part of the court record should not remain under seal absent the most compelling reasons"). The failure to file the Side Letters violates § 107 and Bankruptcy Rule 9018 and should not be countenanced by this Court.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the DIP Motion as requested herein and grant such other and further relief as the Court deems appropriate.

Dated:    New York, New York
           May 24, 2010

                                  Respectfully Submitted,

                                  DIANA G. ADAMS
                                  UNITED STATES TRUSTEE

                        By:   /s/ *Paul K. Schwartzberg*
                                Paul K. Schwartzberg
                                Trial Attorney
                                33 Whitehall Street, 21st Floor
                                New York, New York 10004
                                Tel. No. (212) 501-0500