**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NEFF CORP., <u>et al.</u>,[1] | Case No. 10-12610 (SCC) |
| Debtors. | Jointly Administered |

## SCHEDULES OF ASSETS AND LIABILITIES

| | | |
|---|---|---|
| **X** | Neff Holdings LLC<br>Case No. 10-12607 | Neff Holdings Corp.<br>Case No. 10-12609 |
| | Neff Corp.<br>Case No. 10-12610 | Neff Rental, Inc.<br>Case No. 10-12612 |
| | Neff Finance Corp.<br>Case No. 10-12613 | Neff Rental LLC<br>Case No. 10-12611 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neff Holdings LLC (0571); Neff Corp. (6400); Neff Finance Corp. (3639); Neff Holdings Corp. (0431); Neff Rental, Inc. (0403); and Neff Rental LLC (3649). The location of the Debtors' corporate headquarters and the service address for all the Debtors except Neff Holdings LLC is: 3750 N.W. 87th Ave., Suite 400, Miami, Florida 33178. The service address for Neff Holdings LLC is: 375 Park Avenue, New York, New York 10152.

James H.M. Sprayregen, P.C.
Brian S. Lennon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Ray C. Schrock (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Counsel to the Debtors and Debtors in
Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEFF CORP., <u>et al.</u>,[1] | ) | Case No. 10-12610 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF**
**LIMITATIONS, METHODOLOGY, AND DISCLAIMER**
**REGARDING THE DEBTORS' SCHEDULES OF ASSETS**
**AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Neff Corp. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "<u>Debtors</u>") have filed their respective

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neff Holdings LLC (0571); Neff Corp. (6400); Neff Finance Corp. (3639); Neff Holdings Corp. (0431); Neff Rental, Inc. (0403); and Neff Rental LLC (3649). The location of the Debtors' corporate headquarters and the service address for all the Debtors except Neff Holdings LLC is: 3750 N.W. 87th Ave., Suite 400, Miami, Florida 33178. The service address for Neff Holdings LLC is: 375 Park Avenue, New York, New York 10152.

Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and collectively with the "Schedules," the "Schedules and Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Mark Irion has signed each set of the Schedules and Statements. Mr. Irion is the Chief Financial Officer of Neff Corp. and an authorized signatory for all of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Irion has relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Irion has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "Global Notes") pertain to and comprise an integral part of the Schedules and Statements and are incorporated by reference herein. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and modification, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements at any time as is necessary and appropriate. Notwithstanding any such disclosure, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On May 16, 2010, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are

operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 17, 2010, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 39].

**Net Book Value of Assets**. Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of April 30, 2010. For depreciable property, net book value is the cost of the asset, plus any capitalized significant improvements and less any accumulated depreciation on that asset. For accounts receivable, the net book values represent unpaid invoiced amounts. The net book value of inventories is the lower of cost or market. For all other non-depreciable assets the net book values represent the cost of the asset. Assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements.

**Recharacterization**. Notwithstanding the Debtors' best efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

**Insiders.** Solely for purposes of the Schedules and Statements and not for any other purpose, the Debtors define "insiders" as: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of the applicable Debtor; (d) relatives of directors, officers, or significant shareholders of the Debtors; and (e) debtor/non-debtor affiliates, and the Debtors have not included as "insiders" any employee that does not exercise strategic control over the Debtors and their operations as a whole. Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to, among other things, whether such individual could successfully argue he or she is or is not an "insider" under applicable law, federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intercompany Claims.** Receivables and payables among the Debtors in these chapter 11 cases and their affiliates (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") are reported on Schedule B and Schedule F, respectively. The listing of Intercompany Claims or the failure to list such Intercompany Claims is not and shall not be construed as an admission of the characterization of such balances, as debt, equity, or otherwise.

K&E 16715528

**Intellectual Property Rights.** Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise expired by their terms or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction. Further, although the Debtors have made every effort to attribute intellectual property to the rightful debtor entity owner, in some instances intellectual property owned by one debtor entity may in fact be owned by another. Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts.** Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so. Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts.

**Classifications.** Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Claims Description.** Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated." The Debtors reserve all rights to dispute any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability, classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

**Causes of Action.** Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements. The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Setoffs.** The Debtors routinely incur certain setoffs and other similar rights from customers or suppliers in the ordinary course of business. Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers. These normal setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs. Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and as such, are excluded from the Schedules and Statements.

**Summary of Significant Reporting Policies.** The following is a summary of significant reporting policies:

(a)     Currency. Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(b)     Undetermined Amounts. The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(c)     Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(d)     Current Market Value–Net Book Value. In certain instances, current market valuations are neither maintained by, nor readily available to, the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values. Market values may vary, at some times materially, from net book value. Also, assets that have been fully depreciated or that were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

(e)     Paid Claims. The Debtors have authority to pay certain outstanding prepetition payables pursuant to Bankruptcy Court order or other court order, as such, outstanding liabilities may have been reduced by any court approved postpetition payments made on prepetition payables. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing claims objections, as is necessary and appropriate to avoid over payment or duplicate payments for liabilities.

(f)     Excluded Assets and Liabilities. The Debtors have excluded goodwill and accrued liabilities including, but not limited to, accrued salaries and employee benefits, tax accruals and accrued accounts payable from the assets and liabilities set forth in the Schedules and Statements. Other immaterial assets and liabilities may also have been excluded.

(g)     Liens. Except as otherwise indicated, the inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

### Specific Disclosures with Respect to the Debtors' Schedules[2]

- **Schedule A.** The Debtors have listed the value of their real property as the net book value reflected on the Debtors' books and records. A listing of property locations is attached to Schedule A for each Debtor owning real property.

---

[2]    In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

K&E 16715528

- **Schedule B.** As set forth in Schedule B(13), certain Debtors hold interests in certain other Debtors. For the purposes of each of these interests is set forth as "Undetermined," and is not intended and should not be considered an admission as to the value of such interests. Items represented in Schedule B(29) consist primarily of the Debtors' rental equipment fleet. Inventory, as represented in Schedule B(30), consists principally of parts and new equipment held for sale and is stated at the lower of cost or market, with cost determined on the first-in, first-out basis for parts and specific identification basis for equipment.

- **Schedule D.** Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Claims arising from or related to secured claims identified as "Disputed" on Schedule D may also be identified on Schedule E.

  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Although there are multiple parties that hold a portion of the debt under the Debtors' secured debt facilities, only the administrative agents under such facilities have been listed for purposes of Schedule D.

  Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve the right to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

  The Debtors have not separately identified on Schedule D parties that may have filed multiple financing statements against the same Debtor. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

- **Schedule E.** The Bankruptcy Court has authorized the Debtors to pay certain prepetition obligations on an interim basis, including, employee wages and other employee benefits in the ordinary course of business pursuant to the *Interim*

*Order Authorizing the Debtors to (A) Pay Certain Prepetition Wages, Salaries, and Reimbursable Employee Expenses, (B) Pay and Honor Employee Medical and Similar Benefits, and (C) Continue Employee Compensation and Employee Benefit Programs* [Docket No. 44] (the "Interim Wages Order"). Pursuant to the Interim Wages Order and any order entered by the Bankruptcy Court granting the Interim Wages Order on a final basis, the Debtors believe that employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E. However, certain employee claims known to the Debtors that may be entitled to priority and that have not been satisfied or are still outstanding as of the Petition Date are listed on Schedule E. To the extent that an individual's claim exceeded the $11,725 priority limit under section 507 of the Bankruptcy Code, the Debtors have scheduled such claim on Schedule F.

- **Schedule F.** Schedule F contains, among other things, information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. On May 18, 2010, the Bankruptcy Court entered the *Interim Order Authorizing the Debtors to Honor Prepetition Obligations to Customers and to Continue Rental Programs in the Ordinary Course of Business* [Docket No. 45] granting the Debtors authority to honor certain prepetition customer programs. Accordingly, certain debts arising out of customer programs have not been included in the Debtors' Schedules and Statements.

  Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule F does not include rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected. However, certain rejection damages claims for executory contracts and unexpired leases that have been rejected are listed on Schedule F.

  The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

- **Schedule G.** While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and

7

to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements, and letter agreements. Such documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtors may have listed such agreements on Schedule G. The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

- **Schedule H.** Only credit parties under the Debtors' prepetition first lien credit facilities (including secured swap claims), second lien credit facility, and 10% senior notes indenture are listed on Schedule H. The Debtors have not listed any litigation related co-debtors on Schedule H. Instead, such listings, if any, may be found on the applicable Debtor's Schedule F and Statement 4(a). Although there are multiple parties that hold a portion of the debt under the Debtors' secured debt facilities and unsecured notes, only the administrative agents and indenture trustee under such facilities have been listed for purposes of Schedule H.

- **Statement Question 3(b).** Receipts and disbursements are made through a centralized cash management system maintained by Neff Rental, Inc., and, except as otherwise specifically set forth in the Schedules and Statements, disbursements are set forth on the Statement for Neff Rental, Inc.

- **Statement Question 3(c).** Because the Debtors operate under a centralized cash management system maintained by Neff Rental, Inc., disbursements to "insiders" (as defined herein) are reflected on the Statement for Neff Rental, Inc. except as

otherwise specifically set forth in the Schedules and Statements. Non-cash accounting adjustments to intercompany balances are not set forth on Statement 3(c).

- **Statement Question 7.** The Debtors have listed gifts or charitable contributions as identified in their books and records. There may have been gifts or charitable contributions made through corporate credit or purchasing cards. Any such gifts made in this manner would not have been listed. The Debtors believe these amounts would have been minimal.

- **Statement Question 8.** The Debtors occasionally incur losses for a variety of reasons including, among others, theft and property damage. Certain of these losses may not have been tracked and, thus, the Debtors have only listed losses that were identifiable in their books and records. In addition, given the routine nature of inventory shrinkage, the Debtors did not list such losses.

- **Statement Question 9.** Because the Debtors operate a centralized cash management system maintained by Neff Rental, Inc., and, except as otherwise specifically set forth in the Schedules and Statements, payments made or property transferred on behalf of the Debtors to persons, including attorneys, in connection with the Debtors' restructuring are set forth on the Statement for Neff Rental, Inc.

- **Statement Question 13.** The Debtors' vendors and trade creditors routinely setoff against amounts owed to the Debtors in the ordinary course of business. These setoffs could include pricing adjustments for a variety of issues, including billing errors, account reconciliations, and ordinary course trade disputes. These setoffs are small in amount, do not have a material impact on the Debtors' businesses and are not generally tracked by the Debtors. Accordingly, such information is not provided in Statement 13.

- **Statement Question 14.** In the ordinary course of business, the Debtors hold, among other things, rental equipment and related property that is the property of another party, including with respect to certain customer and rental programs approved by the Bankruptcy Court pursuant to the *Interim Order Authorizing the Debtors to Honor Prepetition Obligations to Customers and to Continue Rental Programs in the Ordinary Course of Business* [Docket No. 45]. This rental equipment has not been separately identified in the Debtors' response to this Statement question. In addition, due to the nature of the Debtors' re-rental practices, including the frequent and continual turnover of property thereunder, the list provided in response to Statement 14 may not be a current, complete, and comprehensive list of all property held by the Debtors and owned by another party.

- **Statement Question 17.** The Debtors have listed environmental information in Statement 17 based on information available to the Debtors at the time the Schedules and Statements were prepared. To the extent that additional facts or circumstances become available to the Debtors regarding potential or contingent

environmental liabilities, the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate.

- **Statement Question 19(a) and 19(c)**.  The Debtors other than Neff Holdings LLC employ a number of individuals who have certain bookkeeping responsibilities.  Ultimately these individuals report to Neff Holdings Corp.'s chief financial officer and director of financial reporting.  Due to the number of individuals who directly kept or were in possession of the books and records of the Debtors, only the chief financial officer and director of financial reporting are listed.

- **Statement Question 19(d).**  From 2006 through September 2008, at the end of each of its fiscal quarters, fiscal years, and upon the occurrence of significant events, the Debtors other than Neff Holdings LLC prepared and filed with the Securities and Exchange Commission (the "SEC") Forms 10-K, 10-Q, and 8-K (collectively, the "SEC Filings").  The SEC Filings contain financial information relating to the Debtors.  Because the SEC Filings are public record, the Debtors do not maintain records of the parties who requested or obtained copies of any SEC Filings from the SEC or the Debtors.  These Debtors terminated their filing obligations in December 2008 and are no longer a filer with the SEC.  See Neff Corp., Form 15 (Dec. 29, 2008).  Although these Debtors did not file public financial information for fiscal year 2009 or the first fiscal quarter of 2010, the Debtors other than Neff Holdings LLC provided quarterly financial statements and audited annual financial statements to their lenders in accordance with their first lien and second lien credit agreements, respectively, as well as to the indenture trustee under their 10% senior notes.

- **Statement Question 24.**  All Debtors, other than Neff Holdings LLC, file a consolidated tax return as reflected in Statement 24, which lists such Debtors and their respective tax identification numbers.  Neff Holdings LLC does not file a consolidated tax return with this group.  Certain entities formed solely to facilitate the acquisition of the Debtors and/or their predecessors in interest and that have been merged into the Debtors have not been included in the response to Statement 24 as such entities were not identified or included in the consolidated group of any Debtors for tax purposes during the relevant period.

**Global Notes Control.**  In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

**B6 Summary (Official Form 6 - Summary) (12/07)**

**UNITED STATES BANKRUPTCY COURT**

**Southern District of New York, New York**

In re: **Neff Holdings LLC**                                           Case No. 10-12607 (SCC)

Chapter 11

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors also must complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| Name of Schedule | Attached (YES/NO) | No. of Sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | YES | 1 | $0.00 | | |
| B - Personal Property | YES | 13 | $0.00 | | |
| C - Property Claimed as Exempt | NO | N/A | | | |
| D - Creditors Holding Secured Claims | YES | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | YES | 3 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 1 | | $0.00 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | NO | N/A | | | |
| J - Current Expenditures of Individual Debtor(s) | NO | N/A | | | |
| **TOTAL** | | **21** | **$0.00** | **$0.00** | |

**In re: Neff Holdings LLC**

**Case No. 10-12607 (SCC)**

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate.  Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim.  See Schedule D.  If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM OR MORTGAGE |
|---|---|---|---|---|
| NONE | | | | |
| | | Total | **$0.00** | |

(Report total also on Summary of Schedules.)

**In re: Neff Holdings LLC**                                                      **Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind.  If the debtor has no property in one or more of the categories, place an "X" in the appropriate position in the column labeled "None".  If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category.   If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule.  List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007 (m).

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1.  Cash on hand. | X | | | $0.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | X | | | $0.00 |

Subtotal (Total on this page)  |  **$0.00**

**In re: Neff Holdings LLC**　　　　　　　　　　　　　　**Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | $0.00 |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | $0.00 |
| 5.  Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | $0.00 |

Subtotal (Total on this page)　　　**$0.00**

**In re: Neff Holdings LLC**                                              **Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 6.  Wearing apparel. | X | | | $0.00 |
| 7.  Furs and jewelry. | X | | | $0.00 |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | $0.00 |

Subtotal (Total on this page) **$0.00**

**In re: Neff Holdings LLC**                                           **Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | ACE Group<br>Policy Number: 01-766-69-16<br>Excess Liability Insurance | | Undetermined |
| | | C.V. Starr<br>Policy Number: SISLXFL23010710<br>Excess Side A Coverage | | Undetermined |
| | | National Union Fire Insurance Company<br>Policy Number: 01-766-69-16<br>D&O Coverage | | Undetermined |

Subtotal (Total on this page)          **$0.00**

**In re: Neff Holdings LLC**                                      **Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10.  Annuities. Itemize and name each issuer. | X | | | $0.00 |
| 11.  Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | $0.00 |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

**In re: Neff Holdings LLC**                                   **Case No. 10-12607 (SCC)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13.  Stock and interests in incorporated and unincorporated businesses. Itemize. | | Neff Holdings Corp. - 100% owner | | Undetermined |
| 14.  Interests in partnerships or joint ventures. Itemize. | X | | | $0.00 |
| 15.  Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | $0.00 |

Subtotal (Total on this page)          **$0.00**

**In re: Neff Holdings LLC**                                          **Case No. 10-12607 (SCC)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H<br>W<br>J<br>C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16.  Accounts Receivable. | X | | | $0.00 |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | $0.00 |
| 18.  Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | $0.00 |

Subtotal (Total on this page)      **$0.00**

**In re: Neff Holdings LLC**　　　　　　　　　　　　　　　　　　　　　　**Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | $0.00 |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | $0.00 |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | $0.00 |

Subtotal (Total on this page)　　　**$0.00**

**In re: Neff Holdings LLC**          **Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property. Give particulars. | X | | | $0.00 |
| 23.  Licenses, franchises, and other general intangibles. Give particulars. | X | | | $0.00 |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: Neff Holdings LLC**                                    **Case No. 10-12607 (SCC)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | $0.00 |
| 26.  Boats, motors, and accessories. | X | | | $0.00 |
| 27.  Aircraft and accessories. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: Neff Holdings LLC**                                      **Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 28.  Office equipment, furnishings, and supplies. | X | | | $0.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | $0.00 |
| 30.  Inventory. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: Neff Holdings LLC**                                          **Case No. 10-12607 (SCC)**

## SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 31.  Animals. | X | | | $0.00 |
| 32.  Crops - growing or harvested.  Give particulars. | X | | | $0.00 |
| 33.  Farming equipment and implements. | X | | | $0.00 |

Subtotal (Total on this page)     **$0.00**

**In re: Neff Holdings LLC**                                        **Case No. 10-12607 (SCC)**

# SCHEDULE B - PERSONAL PROPERTY

(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 34.  Farm supplies, chemicals, and feed. | X | | | $0.00 |
| 35.  Other personal property of any kind not already listed. Itemize. | X | | | $0.00 |

|  |  |
|---|---|
| Subtotal (Total on this page) | **$0.00** |
| Total | **$0.00** |

(Include amounts from any continuation
sheets attached.  Report total also on
Summary of Schedules.)

In re: **Neff Holdings LLC**                                      Case No. 10-12607 (SCC)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, AND AN ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | |

|  | AMOUNT | UNSECURED |
|---|---|---|
| Subtotal(s) (Total(s) on this page) | $0.00 | $0.00 |
| Total(s) (Use only on last page) | $0.00 | $0.00 |
|  | (Report also on Summary of Schedules) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

**In re: Neff Holdings LLC**                                      **Case No. 10-12607 (SCC)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

## TYPES OF PRIORITY CLAIM   (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**In re: Neff Holdings LLC**                                                                 **Case No. 10-12607 (SCC)**

    ☐  **Certain farmers and fishermen**

      Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

    ☐  **Deposits by individuals**

      Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

    ☐  **Taxes and Certain Other Debts Owed to Governmental Units**

      Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

    ☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

      Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

    ☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**

      Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507 (a)(10).

*Amounts are subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

**In re: Neff Holdings LLC**                                         **Case No. 10-12607 (SCC)**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| NONE | | | | | | | | | |

| | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|
| Subtotals (Totals on this page): | $0.00 | $0.00 | $0.00 |
| Total: (Report also on the Summary of Schedules) | $0.00 | | |
| Totals: (Report also on the Statistical Summary of Certain Liabilities Related Data) | | $0.00 | $0.00 |

**In re: Neff Holdings LLC**            **Case No. 10-12607 (SCC)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "HWJC."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☑ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS, INCLUDING ZIP CODE, AND ACCOUNT NUMBER *(See Instructions Above.)* | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| NONE | | | | | | | |
| | | | | | Subtotal (Total on this page) | | **$0.00** |
| | | | | | Total | | **$0.00** |
| | | | (Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | |

**In re: Neff Holdings LLC**                                                    **Case No. 10-12607 (SCC)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described.  If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m)

☑ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT |
|---|---|
| NONE | |

**In re: Neff Holdings LLC**　　　　　　　　　　　　　　　　　　　　**Case No. 10-12607 (SCC)**

# SCHEDULE  H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. Bankr. P. 1007(m)

☑ Check this box if debtor has no codebtors.

| NAME AND  ADDRESS OF CODEBTOR | NAME AND  ADDRESS OF CREDITOR |
|---|---|
| NONE | |

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

I, Mark Irion, Authorized Person of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of 34 sheets , and that they are true and correct to the best of my knowledge, information, and belief.

Date _____ 6/1/10 _____                    Signature: _____

                                               **Mark Irion**

                                               **Authorized Person**

--------------------------------------------------------------------------------------------------------------------------

Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.