**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| NEFF CORP., <u>et al.</u>,[1] | ) Case No. 10-12610 (SCC) |
| | ) |
| | ) Jointly Administered |
| Debtors. | ) |
| | ) |

## STATEMENT OF FINANCIAL AFFAIRS

| | Neff Holdings LLC<br>Case No. 10-12607 | | Neff Holdings Corp.<br>Case No. 10-12609 |
|---|---|---|---|
| **X** | Neff Corp.<br>Case No. 10-12610 | | Neff Rental, Inc.<br>Case No. 10-12612 |
| | Neff Finance Corp.<br>Case No. 10-12613 | | Neff Rental LLC<br>Case No. 10-12611 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neff Holdings LLC (0571); Neff Corp. (6400); Neff Finance Corp. (3639); Neff Holdings Corp. (0431); Neff Rental, Inc. (0403); and Neff Rental LLC (3649). The location of the Debtors' corporate headquarters and the service address for all the Debtors except Neff Holdings LLC is: 3750 N.W. 87th Ave., Suite 400, Miami, Florida 33178. The service address for Neff Holdings LLC is: 375 Park Avenue, New York, New York 10152.

James H.M. Sprayregen, P.C.
Brian S. Lennon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022-4611
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Ray C. Schrock (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Proposed Counsel to the Debtors and Debtors in
Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| NEFF CORP., et al.,[1] | ) | Case No. 10-12610 (SCC) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**GLOBAL NOTES AND STATEMENT OF
LIMITATIONS, METHODOLOGY, AND DISCLAIMER
REGARDING THE DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Neff Corp. and certain of its affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") have filed their respective

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neff Holdings LLC (0571); Neff Corp. (6400); Neff Finance Corp. (3639); Neff Holdings Corp. (0431); Neff Rental, Inc. (0403); and Neff Rental LLC (3649). The location of the Debtors' corporate headquarters and the service address for all the Debtors except Neff Holdings LLC is: 3750 N.W. 87th Ave., Suite 400, Miami, Florida 33178. The service address for Neff Holdings LLC is: 375 Park Avenue, New York, New York 10152.

Schedules of Assets and Liabilities (collectively, the "Schedules") and Statements of Financial Affairs (collectively, the "Statements," and collectively with the "Schedules," the "Schedules and Statements") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors, with the assistance of their advisors, prepared the Schedules and Statements in accordance with section 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

Mark Irion has signed each set of the Schedules and Statements. Mr. Irion is the Chief Financial Officer of Neff Corp. and an authorized signatory for all of the Debtors. In reviewing and signing the Schedules and Statements, Mr. Irion has relied upon the efforts, statements, and representations of various personnel of the Debtors. Mr. Irion has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

These Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (these "Global Notes") pertain to and comprise an integral part of the Schedules and Statements and are incorporated by reference herein. The Global Notes should be referred to and reviewed in connection with any review of the Schedules and Statements.

The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP"), nor are they intended to be fully reconciled to the financial statements of each Debtor. Additionally, the Schedules and Statements contain unaudited information that is subject to further review and modification, and reflect the Debtors' commercially reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. Although the Debtors made reasonable efforts to ensure the accuracy and completeness of such financial information, inadvertent errors or omissions, as well as the discovery of conflicting, revised, or subsequent information, may cause a material change to the Schedules and Statements. Accordingly, the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements at any time as is necessary and appropriate. Notwithstanding any such disclosure, the Debtors shall not be required to update the Schedules and Statements.

## Global Notes and Overview of Methodology

**Reservation of Rights**. Nothing contained in the Schedules and Statements shall constitute a waiver of the Debtors' rights or an admission with respect to their chapter 11 cases, including any issues involving equitable subordination, defenses, and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and any other relevant non-bankruptcy laws.

**Description of Cases**. On May 16, 2010, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors are

operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On May 17, 2010, the Bankruptcy Court entered an order directing procedural consolidation and joint administration of these chapter 11 cases [Docket No. 39].

**Net Book Value of Assets**. Unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of April 30, 2010. For depreciable property, net book value is the cost of the asset, plus any capitalized significant improvements and less any accumulated depreciation on that asset. For accounts receivable, the net book values represent unpaid invoiced amounts. The net book value of inventories is the lower of cost or market. For all other non-depreciable assets the net book values represent the cost of the asset. Assets that have fully depreciated or were expensed for accounting purposes do not appear in these Schedules and Statements.

**Recharacterization**. Notwithstanding the Debtors' best efforts to properly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors may have improperly characterized, classified, categorized, designated, or omitted certain items. Accordingly, the Debtors reserve all rights to recharacterize, reclassify, recategorize, redesignate, add or delete items reported in the Schedules and Statements at a later time as is necessary and appropriate, as additional information becomes available, including whether contracts listed herein were deemed executory as of the Petition Date and remain executory postpetition.

**Liabilities**. The Debtors allocated liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve all rights to modify, amend, and supplement the Schedules and Statements as is necessary and appropriate.

**Insiders.** Solely for purposes of the Schedules and Statements and not for any other purpose, the Debtors define "insiders" as: (a) directors; (b) officers; (c) shareholders holding in excess of 5% of the voting shares of the applicable Debtor; (d) relatives of directors, officers, or significant shareholders of the Debtors; and (e) debtor/non-debtor affiliates, and the Debtors have not included as "insiders" any employee that does not exercise strategic control over the Debtors and their operations as a whole. Persons listed as "insiders" have been included for informational purposes only. The Debtors do not take any position with respect to, among other things, whether such individual could successfully argue he or she is or is not an "insider" under applicable law, federal securities laws, or with respect to any theories of liability or for any other purpose.

**Intercompany Claims.** Receivables and payables among the Debtors in these chapter 11 cases and their affiliates (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") are reported on Schedule B and Schedule F, respectively. The listing of Intercompany Claims or the failure to list such Intercompany Claims is not and shall not be construed as an admission of the characterization of such balances, as debt, equity, or otherwise.

3

**Intellectual Property Rights**.  Exclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have been abandoned, have been terminated, or otherwise expired by their terms or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property shall not be construed to be an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Further, although the Debtors have made every effort to attribute intellectual property to the rightful debtor entity owner, in some instances intellectual property owned by one debtor entity may in fact be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

**Executory Contracts.**  Although the Debtors made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so.  Accordingly, the Debtors reserve all of their rights with respect to the named parties of any and all executory contracts.

**Classifications.**  Listing a claim (a) on Schedule D as "secured," (b) on Schedule E as "priority," (c) on Schedule F as "unsecured," or (d) listing a contract on Schedule G as "executory" or "unexpired," does not constitute an admission by the Debtors of the legal rights of the claimant, or a waiver of the Debtors' right to recharacterize or reclassify such claim or contract.

**Claims Description.**  Any failure to designate a claim on a given Debtor's Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtor that such amount is not "disputed," "contingent," or "unliquidated."  The Debtors reserve all rights to dispute any claim reflected on their respective Schedules and Statements on any grounds, including, without limitation, liability, classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated."

**Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified and/or set forth all of their causes of action (filed or potential) against third parties as assets in their Schedules and Statements.  The Debtors reserve all rights with respect to any causes of action and nothing in the Global Notes or the Schedules and Statements shall be deemed a waiver of any such causes of action.

**Setoffs.**  The Debtors routinely incur certain setoffs and other similar rights from customers or suppliers in the ordinary course of business.  Setoffs in the ordinary course can result from various items, including, but not limited to, intercompany transactions, pricing discrepancies, returns, warranties, and other disputes between the Debtors and their customers and/or suppliers.  These normal setoffs and other similar rights are consistent with the ordinary course of business in the Debtors' industries and can be particularly voluminous, making it unduly burdensome and costly for the Debtors to list such ordinary course setoffs.  Therefore, although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, setoffs are not independently accounted for, and as such, are excluded from the Schedules and Statements.

K&E 16715528

**Summary of Significant Reporting Policies.**  The following is a summary of significant reporting policies:

(a)     Currency.  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(b)     Undetermined Amounts.  The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(c)     Totals. All totals that are included in the Schedules and Statements represent totals of all known amounts.  To the extent there are unknown or undetermined amounts, the actual total may be different than the listed total.

(d)     Current Market Value–Net Book Value. In certain instances, current market valuations are neither maintained by, nor readily available to, the Debtors.  Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values.  Market values may vary, at some times materially, from net book value.  Also, assets that have been fully depreciated or that were expensed for accounting purposes do not appear in these Schedules and Statements as they have no net book value.

(e)     Paid Claims.  The Debtors have authority to pay certain outstanding prepetition payables pursuant to Bankruptcy Court order or other court order, as such, outstanding liabilities may have been reduced by any court approved postpetition payments made on prepetition payables.  To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend or supplement the Schedules and Statements or take other action such as filing claims objections, as is necessary and appropriate to avoid over payment or duplicate payments for liabilities.

(f)     Excluded Assets and Liabilities. The Debtors have excluded goodwill and accrued liabilities including, but not limited to, accrued salaries and employee benefits, tax accruals and accrued accounts payable from the assets and liabilities set forth in the Schedules and Statements.  Other immaterial assets and liabilities may also have been excluded.

(g)     Liens. Except as otherwise indicated, the inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

### Specific Disclosures with Respect to the Debtors' Schedules[2]

•       **Schedule A.**  The Debtors have listed the value of their real property as the net book value reflected on the Debtors' books and records.  A listing of property locations is attached to Schedule A for each Debtor owning real property.

---

[2]     In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

K&E 16715528

- **Schedule B.** As set forth in Schedule B(13), certain Debtors hold interests in certain other Debtors. For the purposes of Schedule B(13), the value of each of these interests is set forth as "Undetermined," and is not intended and should not be considered an admission as to the value of such interests. Items represented in Schedule B(29) consist primarily of the Debtors' rental equipment fleet. Inventory, as represented in Schedule B(30), consists principally of parts and new equipment held for sale and is stated at the lower of cost or market, with cost determined on the first-in, first-out basis for parts and specific identification basis for equipment.

- **Schedule D.** Except as otherwise agreed pursuant to a stipulation or order entered by the Bankruptcy Court, the Debtors reserve their rights to dispute or challenge the validity, perfection, or immunity from avoidance of any lien purported to be granted or perfected in any specific asset to a secured creditor listed on Schedule D of any Debtor. Moreover, although the Debtors have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are intended only to be a summary. Claims arising from or related to secured claims identified as "Disputed" on Schedule D may also be identified on Schedule E.

  Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of liens. Nothing in the Global Notes or the Schedules and Statements shall be deemed a modification or interpretation of the terms of such agreements. Although there are multiple parties that hold a portion of the debt under the Debtors' secured debt facilities, only the administrative agents under such facilities have been listed for purposes of Schedule D.

  Except as specifically stated herein, real property lessors, utility companies, and other parties that may hold security deposits have not been listed on Schedule D. The Debtors reserve the right to amend Schedule D to the extent that the Debtors determine that any claims associated with such agreements should be reported on Schedule D. Nothing herein shall be construed as an admission by the Debtors of the legal rights of the claimant or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract.

  The Debtors have not separately identified on Schedule D parties that may have filed multiple financing statements against the same Debtor. The Debtors have not included on Schedule D parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

- **Schedule E.** The Bankruptcy Court has authorized the Debtors to pay certain prepetition obligations on an interim basis, including, employee wages and other employee benefits in the ordinary course of business pursuant to the *Interim*

*Order Authorizing the Debtors to (A) Pay Certain Prepetition Wages, Salaries, and Reimbursable Employee Expenses, (B) Pay and Honor Employee Medical and Similar Benefits, and (C) Continue Employee Compensation and Employee Benefit Programs* [Docket No. 44] (the "Interim Wages Order"). Pursuant to the Interim Wages Order and any order entered by the Bankruptcy Court granting the Interim Wages Order on a final basis, the Debtors believe that employee claims for prepetition amounts related to ongoing payroll and benefits, whether allowable as a priority or nonpriority claim, have been or will be satisfied, and such satisfied amounts are not listed on Schedule E. However, certain employee claims known to the Debtors that may be entitled to priority and that have not been satisfied or are still outstanding as of the Petition Date are listed on Schedule E. To the extent that an individual's claim exceeded the $11,725 priority limit under section 507 of the Bankruptcy Code, the Debtors have scheduled such claim on Schedule F.

- **Schedule F.** Schedule F contains, among other things, information regarding threatened or pending litigation involving the Debtors. The amounts for these potential claims are listed as "undetermined" and marked as contingent, unliquidated, and disputed in the Schedules and Statements. On May 18, 2010, the Bankruptcy Court entered the *Interim Order Authorizing the Debtors to Honor Prepetition Obligations to Customers and to Continue Rental Programs in the Ordinary Course of Business* [Docket No. 45] granting the Debtors authority to honor certain prepetition customer programs. Accordingly, certain debts arising out of customer programs have not been included in the Debtors' Schedules and Statements.

  Schedule F reflects the prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. In addition, Schedule F does not include rejection damages claims, if any, of the counterparties to executory contracts and unexpired leases that may be rejected. However, certain rejection damages claims for executory contracts and unexpired leases that have been rejected are listed on Schedule F.

  The claims of individual creditors for, among other things, merchandise, goods, services, or taxes are listed on the Debtors' books and records and may not reflect credits or allowances due from such creditor. The Debtors reserve all of their rights respecting such credits and allowances. The dollar amounts listed may be exclusive of contingent and unliquidated amounts.

- **Schedule G.** While every effort has been made to ensure the accuracy of Schedule G, inadvertent errors or omissions may have occurred. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and

7

to amend or supplement such Schedule as necessary. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, nondisturbance agreements, supplemental agreements, and letter agreements. Such documents may not be set forth in Schedule G.

The Debtors reserve all rights to dispute or challenge the characterization of the structure of any transaction or any document or instrument related to a creditor's claim.

The Debtors may be party to certain agreements that have expired by their terms, but all parties continue to operate under the agreement. Out of an abundance of caution, the Debtors may have listed such agreements on Schedule G. The Debtors' inclusion of such contracts or agreements on Schedule G is not an admission that such contract or agreement is an executory contract or unexpired lease.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contracts or agreements are not impaired by the omission. The listing of any contract on Schedule G does not constitute an admission by the Debtors as to the validity of any such contract. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

- **Schedule H.** Only credit parties under the Debtors' prepetition first lien credit facilities (including secured swap claims), second lien credit facility, and 10% senior notes indenture are listed on Schedule H. The Debtors have not listed any litigation related co-debtors on Schedule H. Instead, such listings, if any, may be found on the applicable Debtor's Schedule F and Statement 4(a). Although there are multiple parties that hold a portion of the debt under the Debtors' secured debt facilities and unsecured notes, only the administrative agents and indenture trustee under such facilities have been listed for purposes of Schedule H.

- **Statement Question 3(b).** Receipts and disbursements are made through a centralized cash management system maintained by Neff Rental, Inc., and, except as otherwise specifically set forth in the Schedules and Statements, disbursements are set forth on the Statement for Neff Rental, Inc.

- **Statement Question 3(c).** Because the Debtors operate under a centralized cash management system maintained by Neff Rental, Inc., disbursements to "insiders" (as defined herein) are reflected on the Statement for Neff Rental, Inc. except as

otherwise specifically set forth in the Schedules and Statements. Non-cash accounting adjustments to intercompany balances are not set forth on Statement 3(c).

- **Statement Question 7.** The Debtors have listed gifts or charitable contributions as identified in their books and records. There may have been gifts or charitable contributions made through corporate credit or purchasing cards. Any such gifts made in this manner would not have been listed. The Debtors believe these amounts would have been minimal.

- **Statement Question 8.** The Debtors occasionally incur losses for a variety of reasons including, among others, theft and property damage. Certain of these losses may not have been tracked and, thus, the Debtors have only listed losses that were identifiable in their books and records. In addition, given the routine nature of inventory shrinkage, the Debtors did not list such losses.

- **Statement Question 9.** Because the Debtors operate a centralized cash management system maintained by Neff Rental, Inc., and, except as otherwise specifically set forth in the Schedules and Statements, payments made or property transferred on behalf of the Debtors to persons, including attorneys, in connection with the Debtors' restructuring are set forth on the Statement for Neff Rental, Inc.

- **Statement Question 13.** The Debtors' vendors and trade creditors routinely setoff against amounts owed to the Debtors in the ordinary course of business. These setoffs could include pricing adjustments for a variety of issues, including billing errors, account reconciliations, and ordinary course trade disputes. These setoffs are small in amount, do not have a material impact on the Debtors' businesses and are not generally tracked by the Debtors. Accordingly, such information is not provided in Statement 13.

- **Statement Question 14.** In the ordinary course of business, the Debtors hold, among other things, rental equipment and related property that is the property of another party, including with respect to certain customer and rental programs approved by the Bankruptcy Court pursuant to the *Interim Order Authorizing the Debtors to Honor Prepetition Obligations to Customers and to Continue Rental Programs in the Ordinary Course of Business* [Docket No. 45]. This rental equipment has not been separately identified in the Debtors' response to this Statement question. In addition, due to the nature of the Debtors' re-rental practices, including the frequent and continual turnover of property thereunder, the list provided in response to Statement 14 may not be a current, complete, and comprehensive list of all property held by the Debtors and owned by another party.

- **Statement Question 17.** The Debtors have listed environmental information in Statement 17 based on information available to the Debtors at the time the Schedules and Statements were prepared. To the extent that additional facts or circumstances become available to the Debtors regarding potential or contingent

9

environmental liabilities, the Debtors reserve the right to amend the Schedules and Statements as necessary and appropriate.

- **Statement Question 19(a) and 19(c)**. The Debtors other than Neff Holdings LLC employ a number of individuals who have certain bookkeeping responsibilities. Ultimately these individuals report to Neff Holdings Corp.'s chief financial officer and director of financial reporting. Due to the number of individuals who directly kept or were in possession of the books and records of the Debtors, only the chief financial officer and director of financial reporting are listed.

- **Statement Question 19(d).** From 2006 through September 2008, at the end of each of its fiscal quarters, fiscal years, and upon the occurrence of significant events, the Debtors other than Neff Holdings LLC prepared and filed with the Securities and Exchange Commission (the "SEC") Forms 10-K, 10-Q, and 8-K (collectively, the "SEC Filings"). The SEC Filings contain financial information relating to the Debtors. Because the SEC Filings are public record, the Debtors do not maintain records of the parties who requested or obtained copies of any SEC Filings from the SEC or the Debtors. These Debtors terminated their filing obligations in December 2008 and are no longer a filer with the SEC. See Neff Corp., Form 15 (Dec. 29, 2008). Although these Debtors did not file public financial information for fiscal year 2009 or the first fiscal quarter of 2010, the Debtors other than Neff Holdings LLC provided quarterly financial statements and audited annual financial statements to their lenders in accordance with their first lien and second lien credit agreements, respectively, as well as to the indenture trustee under their 10% senior notes.

- **Statement Question 24.** All Debtors, other than Neff Holdings LLC, file a consolidated tax return as reflected in Statement 24, which lists such Debtors and their respective tax identification numbers. Neff Holdings LLC does not file a consolidated tax return with this group. Certain entities formed solely to facilitate the acquisition of the Debtors and/or their predecessors in interest and that have been merged into the Debtors have not been included in the response to Statement 24 as such entities were not identified or included in the consolidated group of any Debtors for tax purposes during the relevant period.

**Global Notes Control.** In the event that the Schedules and Statements differ from the foregoing Global Notes, the Global Notes shall control.

# FORM 7 - STATEMENT OF FINANCIAL AFFAIRS
# UNITED STATES BANKRUPTCY COURT
### Southern District of New York

In re: **Neff Corp.**                                                                  **Case No. 10-12610 (SCC)**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time.  An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

**1. Income from employment or operation of business**
State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|------|--------|--------|
| X    |        |        |

**2. Income other than from employment or operation of business**

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | AMOUNT | SOURCE |
|---|---|---|
| | $100,629,000.00 | Gain on Debt Extinguishment in Fiscal Year 2008 |

**3. Payment to creditors**

*Complete a. or b., as appropriate, and c.*

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| X | | | | |

b. *Debtor whose debts are not primarily consumer debts*: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

| NONE | NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|---|
| | Please see Global Notes | | | |

c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|---|
| | Please see Global Notes | | | |

**4. Suits and administrative proceedings, executions, garnishments and attachments**

a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|------|------|------|------|------|
| X | | | | |

b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|------|
| X | | | |

**5. Repossessions, foreclosures and returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|------|
| X | | | |

**6. Assignments and receiverships**

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|------|------|------|------|
| X | | | |

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|------|------|------|------|------|
| X | | | | |

**7. Gifts**

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|------|------|------|------|------|
| X | | | | |

**8. Losses**

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCE AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|------|-----------------------------------|------------------------------------------------------------------------------------------------------|--------------|
| X    |                                   |                                                                                                      |              |

**9. Payments related to debt counseling or bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|------|---------------------------|----------------------------------------------------|-----------------------------------------------------|
|      | Please see Global Notes   |                                                    |                                                     |

**10. Other transfers**

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|------|--------------------------------------------------------|------|--------------------------------------------------|
| X    |                                                        |      |                                                  |

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NONE | NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|------|-------------------------------|------------------------|--------------------------------------------------------------------------------------|
| X    |                               |                        |                                                                                      |

**11. Closed financial accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|------|---------------------------------|---------------------------------------------------------------------------------|------------------------------------|
| X    |                                 |                                                                                 |                                    |

**12. Safe deposit boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO THE BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|------|----------------------------------------------|------------------------------------------------------------------|-------------------------|---------------------------------------|
| X    |                                              |                                                                  |                         |                                       |

**13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NONE | NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|------|------------------------------|----------------|------------------|
| X    |                              |                |                  |

**14. Property held for another person**

List all property owned by another person that the debtor holds or controls.

| NONE | NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|------|---------------------------|-----------------------------------|----------------------|
| X    |                           |                                   |                      |

**15. Prior address of debtor**

If the debtor has moved within the **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| NONE | ADDRESS | NAME USED | DATES OF OCCUPANCY |
|------|---------|-----------|---------------------|
| X    |         |           |                     |

**16. Spouses and Former Spouses**

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

| NONE | NAME |
|------|------|
| X    |      |

**17. Environmental Information**.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|----------------------|----------------------------------------|----------------|-------------------|
|  | BCX Tank site<br>Jacksonville, FL | US Environmental Agency<br>61 Forsyth Street, S.W.<br>Atlanta, GA 30303 | 4/5/2007 | See footnote |

*Ceiling increase and continued removal action at BCX Tank site.*

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| NONE | SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|------|----------------------|----------------------------------------|----------------|-------------------|
| X |  |  |  |  |

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NONE | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|------|----------------------------------------|---------------|------------------------|
| X |  |  |  |

**18. Nature, location and name of business**

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full – or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

> *If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

> *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NONE | NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|---|
| | Neff Rental LLC | 11-3753649 | 3750 N.W. 87th Avenue, Suite 400 Miami, FL 33178 | Holding Company | 2005 - Current |

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

| NONE | NAME | ADDRESS |
|---|---|---|
| X | | |

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

> *(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NONE | NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| | Jack Sites Director Financial Reporting 3750 N.W. 87th Avenue, Suite 400 Miami, FL 33178 | 2007 - Current |
| | Mark Irion CFO 3750 N.W. 87th Avenue, Suite 400 Miami, FL 33178 | 2007 - Current |

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NONE | NAME | ADDRESS | DATES SERVICES RENDERED |
|------|------|---------|------------------------|
|  | Deloitte & Touche LLP | Auditor<br>1800 North Military Trail<br>Boca Raton, FL 33441-6386 | 2007 - Current |

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NONE | NAME | ADDRESS |
|------|------|---------|
|  | Jack Sites | Director Financial Reporting<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 |
|  | Mark Irion | Chief Financial Officer<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 |

d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | DATE ISSUED |
|------|------------------|-------------|
|  | Please see Global Notes |  |

## 20. Inventories

a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

| NONE | DATE OF INVENTORY | INVENTORY SUPERVISOR | DOLLAR AMOUNT OF INVENTORY<br>(Specify cost, market or other basis) |
|------|-------------------|----------------------|---------------------------------|
| X |  |  |  |

b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

| NONE | DATE OF INVENTORY | NAME AND ADDRESS OF CUSTODIAN OF INVENTORY RECORDS |
|------|-------------------|---------------------------------------------------|
| X |  |  |

## 21. Current Partners, Officers, Directors and Shareholders

a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NONE | NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|------|------------------|--------------------|------------------------|
| X |  |  |  |

b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NONE | NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|------|------------------|-------|------------------------------------------|
|  | David Cynn<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Director | N/A |
|  | Frederic Brace<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Director | N/A |
|  | Graham Hood<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Director, CEO | N/A |
|  | Hugh Sawyer<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Director | N/A |
|  | J.C. Mas<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Chairman | N/A |
|  | Kenneth Duberstein<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Director | N/A |
|  | Kevin Landgraver<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Director | N/A |
|  | Mark Irion<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Chief Financial Officer | N/A |
|  | Mark Vassallo<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Director | N/A |
|  | Neff Holdings Corp.<br>3750 N.W. 87th Avenue, Suite 400<br>Miami, FL 33178 | Owner | 100% |

## 22. Former partners, officers, directors and shareholders

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NONE | NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|------|---------|--------------------|
| X |  |  |  |

b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------|------------------|-------|---------------------|
|  | Bryan Livingston<br>3021 Salmon Dr<br>Los Alamitos, CA 90720 | Director | August 2009 |
|  | John L. Thompson<br>80 South 8th Street, Suite 3600<br>Minneapolis, MN 55402 | Director | November 2009 |
|  | Sophia Wong, c/o General Electric<br>Pension Trust<br>3001 Summer St.<br>Stamford, CT 06905-4317 | Director | June 2009 |

**23. Withdrawals from a partnership or distributions by a corporation**
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NONE | NAME AND ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|
|  | See response to SOFA Question 3c |  |  |

## 24. Tax Consolidation Group.
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NONE | NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
|  | Neff Corp. | 65-0626400 |
|  | Neff Finance Corp. | 11-3753639 |
|  | Neff Holdings Corp. | 56-2660431 |
|  | Neff Rental, Inc. | 65-0160403 |
|  | Neff Rental, LLC | 11-3753649 |

## 25. Pension Funds
If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

| NONE | NAME OF PENSION FUND | TAXPAYER-IDENTIFICATION NUMBER(EIN) |
|---|---|---|
| X |  |  |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK, NEW YORK

**In re: Neff Corp.**                                    **Case No. 10-12610 (SCC)**

# Declaration Concerning Debtor's Statement of Financial Affairs

I, Mark Irion, Chief Financial Officer of the corporation named as debtor in this case, declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____6/1/10_____

Signature: _____

**Mark Irion**

**Chief Financial Officer**

---

**Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both.  18 U.S.C.§§ 152 and 3571.**