Joel H. Levitin
Kevin J. Burke
Michael R. Carney
CAHILL GORDON & REINDEL LLP
Eighty Pine Street
New York, New York 10005
Telephone:  (212) 701-3000
Facsimile:  (212) 269-5420
E-mail:  jlevitin@cahill.com
E-mail:  kburke@cahill.com
E-Mail: mcarney@cahill.com

*Attorneys for Bank of America, N.A., Agent for
the Post-Petition Lenders*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| NEFF CORP., *et al.*, | ) | Case No. 10-12610 (SCC) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**RESERVATION OF RIGHTS AND LIMITED OBJECTION OF BANK OF AMERICA,
N.A., AS AGENT FOR THE DEBTORS' POST-PETITION LENDERS, TO *EX PARTE*
MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR
ENTRY OF AN ORDER PURSUANT TO BANKRUPTCY RULE 2004 DIRECTING
EXAMINATIONS AND PRODUCTION OF DOCUMENTS**

Bank of America, N.A., in its capacity as the administrative and collateral agent (the

"Agent") for the lenders under that certain senior secured debtor-in-possession credit agreement

dated as of May 17, 2010, by and among the above-captioned debtors and debtors-in-possession

(the "Debtors") and the lenders that are signatories thereto (as amended or otherwise modified

from time to time, together with all schedules, exhibits, annexes, and addenda thereto), hereby

files this reservation of rights and limited objection to the *ex parte* motion (the "Motion") of the

official committee of unsecured creditors (the "Committee") for entry of an order pursuant to

Bankruptcy Rule 2004 directing examinations and production of documents [Docket No. 238].

In support of its limited objection and to reserve its rights, the Agent respectfully represents as follows:

**BACKGROUND**

1.      On July 8, 2010, the Committee filed the Motion to seek documents and conduct oral examinations of the Debtors and certain third parties (including the Agent) pursuant to Bankruptcy Rule 2004.   The Motion is premised on the Committee's alleged belief that its proposed fishing expedition will lead to information to serve as the basis of an adversary complaint to avoid liens and other transactions incidental to a leveraged buyout that occurred in 2007 (the "2007 LBO") and an exchange offer that occurred in 2008 (the "2008 Exchange").

2.      Pursuant to the final order of this court approving the Debtors' post-petition financing entered on June 30, 2010 (the "Final DIP Order") [Docket No. 207], the Committee must file a motion for leave to commence any adversary proceeding on behalf of the Debtors' and their estates by August 18, 2010, subject to court-ordered extension for good cause shown.  (Final DIP Order ¶ 33.)

**LIMITED OBJECTION**

3.      The Agent, as a non-Debtor third party, does not object to reasonable and procedurally proper discovery in connection with the 2007 LBO and the 2008 Exchange, but the Agent submits that the discovery requests set forth in the Motion are potentially burdensome, overbroad, and duplicative of documents and other information to be provided by the Debtors. This is especially troublesome given the Committee's requested hyper-accelerated ten-day period for the Agent to respond to what it appears will be extremely broad discovery requests.

4.      Although the Committee states that it will "modify the form of request as appropriate for each party in order to avoid burdening parties with unnecessary document

requests" (Motion ¶ 27), the Agent believes that responding to the Committee's discovery requests may take substantially longer than the mere ten days provided for in the proposed order on the Motion. Whereas the Agent will use its best efforts to comply with any reasonable subpoenas issued pursuant to the Motion (if granted) in a timely fashion, any order granting the Motion should provide flexibility for parties to comply with subpoenas issued in connection therewith—not subject the Agent and others to artificial and unreasonable deadlines.

5.      Specifically, paragraph 3 of the proposed order should be modified, at minimum, to read:

> The Debtors and their current directors and officers, as well as Third Parties, are ordered to produce documents and respond to written and oral discovery requests in substantially the form attached as Exhibit B within ten (10) business days, or within such time frame that is commercially reasonable under the circumstances or as otherwise agreed to by the parties or ordered by the Court, of service of such requests by the Committee.

6.      Further, Bankruptcy Rule 2004 cannot be used as an end-run around applicable rules of discovery provided for under the Federal Rules of Civil Procedure and the Bankruptcy Rules. On this point, this Court's opinion in *In re Recoton Corp.*, 307 B.R. 751 (Bankr. S.D.N.Y. 2004) is instructive. In that case, this Court granted an application by the official committee of unsecured creditors to conduct examinations under Bankruptcy Rule 2004 of the debtor's former directors and officers, but only after the committee "unequivocally and convincingly" stated "that it has not decided whether or not to pursue litigation." *Id.* at 756.

7.      Here, the Committee has represented in its filings to date and elsewhere that the commencement of an adversary proceeding to avoid the 2007 LBO and the 2008 Exchange is a foregone conclusion: in the Committee's objection to entry of the Final DIP Order filed on June 23, 2010 (the "Committee DIP Objection") [Docket No. 198], the Committee left

absolutely no question that it will seek to file a complaint to avoid the 2007 LBO and the 2008 Exchange. (*See* Committee DIP Objection ¶ 58 (describing the 2007 LBO and 2008 Exchange as avoidable and any such avoidance actions as the "only sources of meaningful recovery for unsecured creditors").) Indeed, the Committee apparently takes it as a given, notwithstanding the lack of any factual or legal basis supporting its belief, that such transactions are avoidable, and it is difficult to see why the Committee needs to engage in a fishing expedition if it is so sure its claims rest on sound footing. The Committee should not be allowed to game the system by pursuing protracted Bankruptcy Rule 2004 examinations while short-circuiting the protections afforded the Agent under the Federal Rules of Civil Procedure, as made applicable pursuant to the Bankruptcy Rules.

8. As this Court is doubtless aware, the Committee has already engaged in extensive discovery related to the approval of the Final DIP Order, requesting numerous depositions and the production of many thousands of pages of documents that turned out to have no relevance whatsoever to the baseless allegations in the Committee DIP Objection. The Committee has demonstrated that it cannot use the funds available to it to perform its role responsibly, and the Committee should not be given a free hand to engage in scattergun litigation tactics designed to accomplish little more than to further the Committee's goal of extracting an undeserved and unwarranted recovery for its out-of-the-money constituents at any cost. Any power granted to the Committee to conduct examinations pursuant to Bankruptcy Rule 2004 therefore should be carefully tailored to prevent the possibility of abuse.

**RESERVATION OF RIGHTS**

9. Since the Committee has not attached to the Motion any recitation or description of the documents or testimony it may seek from the Agent, the Agent reserves all its

rights to contest the nature and scope of any subpoena served upon it pursuant to any order granting the Motion.

10.     Further, the Agent should not be required to provide confidential information to the Committee absent an appropriate confidentiality agreement. In connection with the discovery the Agent provided regarding the entry of the Final DIP Order, the Agent drafted a confidentiality agreement and sent the same to the Committee. After numerous rounds of discussions and drafts of that agreement, the Committee simply refused to execute it or discuss the terms of such agreement further. In the interest of time, the Agent was willing to agree that it would provide documents in connection with the Final DIP Order subject to "professionals' eyes only," but the Committee should not be allowed to refuse to execute such an agreement in connection with any Bankruptcy Rule 2004 examination. This is doubly true given the potentially expansive scope of Bankruptcy Rule 2004 examinations and the amount and nature of information that may have to be produced in connection therewith. The Committee should be required to execute a confidentiality agreement, substantially in the form the Agent has already sent to the Committee, before the Agent is required to produce any information it deems confidential or commercially sensitive.

**WHEREFORE**, the Agent respectfully requests that the Court enter an order (i) sustaining this reservation of rights and limited objection and (ii) granting such other and further relief as may be just and proper under the circumstances.

Dated: New York, New York
      July 12, 2010

Respectfully submitted,

CAHILL GORDON & REINDEL LLP

/s/ Michael R. Carney
_____
Joel H. Levitin
Kevin J. Burke
Michael R. Carney
Eighty Pine Street
New York, New York  10005
Telephone: (212) 701-3000
Facsimile: (212) 269-5420
E-mail:  jlevitin@cahill.com
E-mail:  kburke@cahill.com
E-mail:  mcarney@cahill.com

*Attorneys for Bank of America, N.A., Agent for
the Post-Petition Lenders*