**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                |   |                        |
|--------------------------------|---|------------------------|
| In re:                         | ) | Chapter 11             |
|                                | ) |                        |
| NEFF CORP., et al.,[1]         | ) | Case No. 10-12610 (SCC)|
|                                | ) |                        |
|     Debtors.| ) | Jointly Administered   |
|                                | ) |                        |

### ORDER APPROVING THE DEBTORS' AMENDED DISCLOSURE STATEMENT AND GRANTING RELATED RELIEF

Upon the motion (the "Motion") of the above-captioned debtors and debtors in possession (collectively, the "Debtors")[2] for the entry of an order (this "Order"): (a) approving the *Amended Disclosure Statement for the Debtors' Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* as filed on July 13, 2010 [Docket No. 266] (as may be amended from time to time, the "Disclosure Statement") in support of the *Debtors' Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code* (as may be amended from time to time, the "Plan"); (b) approving the Plan Confirmation Schedule; (c) approving the Solicitation Procedures and the Solicitation Package; (d) approving the Cash Election and Rights Offering Procedures; (e) approving the Payout Event Procedures; (f) approving the Backstop Unit Purchase Agreement and the Break Up Fee and authorizing the Debtors to honor their obligations thereunder (including payment of the Breakup Fee and Transaction Expenses as provided therein); and (g) approving the Commitment Letter and effectuate the transactions

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neff Holdings LLC (0571); Neff Corp. (6400); Neff Finance Corp. (3639); Neff Holdings Corp. (0431); Neff Rental, Inc. (0403); and Neff Rental LLC (3649). The location of the Debtors' corporate headquarters and the service address for all the Debtors except Neff Holdings LLC is: 3750 N.W. 87th Ave., Suite 400, Miami, Florida 33178. The service address for Neff Holdings LLC is: 375 Park Avenue, New York, New York 10152.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

contemplated thereunder, all as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b) (2); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having reviewed the *Objection of Wilmington Trust FSB to Debtors' Motion for Entry of an Order Approving the Debtors' Disclosure Statement and Granting Related Relief* [Docket No. 220], the *Official Committee of Unsecured Creditors' Objection to Motion of the Debtors for Entry of an Order Approving the Debtors' Disclosure Statement and Granting Related Relief* [Docket No. 227], the *Debtors' Omnibus Reply to Objections to Motion of the Debtors for Entry of an Order Approving the Debtors' Disclosure Statement and Granting Related Relief* [Docket No. 226], the *Response of Wayzata Investment Partners and Apollo Capital Management to Objection of Official Committee of Unsecured Creditors to Motion of the Debtors for Entry of an Order Approving the Debtors' Disclosure Statement and Granting Related Relief* [Docket No. 247]; and the Court having heard the testimony of Ronen Bojmel of Miller Buckfire & Co. LLC, the testimony of Mark Irion, the Debtors' chief financial officer, and the arguments presented at the hearing before the Court held on July 12, 2010; and it appearing that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Debtors having provided adequate and appropriate notice of the Motion under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted to the extent provided herein.

2.  The Debtors have provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017 and Local Bankruptcy Rules 2002-1 and 3017-1.

3.  The Disclosure Statement is approved pursuant to section 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017(b) and contains adequate information (as defined by section 1125(a) of the Bankruptcy Code).  To the extent not withdrawn, settled or otherwise resolved, any objections to the approval of the Disclosure Statement are overruled.

4.  The schedule of events set forth below relating to confirmation of the Plan (the "Revised Plan Confirmation Schedule") is approved in its entirety, and the Court hereby finds the Revised Plan Confirmation Schedule is consistent with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules:

| EVENT | DATE |
| --- | --- |
| Disclosure Statement Hearing | July 12, 2010 at 2:00 p.m. prevailing Eastern Time |
| Voting Record Date | July 12, 2010 |
| Solicitation Date | July 16, 2010 |
| Cash Election/Rights Offering Commencement Date | July 16, 2010 |
| Payout Event Deadline | July 26, 2010 at 5:00 p.m. prevailing Eastern Time |
| Auction | August 5, 2010 at 10:00 a.m. prevailing Eastern Time |
| Cash Election/Rights Offering Expiration Date | September 1, 2010 at 5:00 p.m. prevailing Eastern Time |
| Voting Deadline | September 1, 2010 at 5:00 p.m. prevailing Pacific Time |
| Plan Objection Deadline | September 1, 2010 at 5:00 p.m. prevailing Eastern Time |
| Confirmation Hearing | September 14, 2010 at 11:00 a.m. prevailing Eastern Time |

5.  The Debtors are authorized to make non-substantive or immaterial changes to the Disclosure Statement, the Plan, the Solicitation Package, and related documents without further order of the Court, including changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and related documents (including the appendices thereto).

6. Pursuant to Bankruptcy Rule 3018(a), July 12, 2010 shall be the Voting Record Date for determining: (a) which Holders of Claims are entitled to vote on the Plan; (b) whether Claims have been properly transferred to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the Holder of the Claim; and (c) which Eligible Holders may participate in the Rights Offering.

7. The Solicitation Procedures, substantially in the form attached hereto as **Exhibit A** and incorporated by reference herein, are hereby approved in their entirety.

8. The Debtors' letter to the Voting Classes, substantially in the form attached hereto as **Exhibit B**, is hereby approved.

9. The form of the Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit C**, complies with the requirements of Bankruptcy Rules 2002(b), 2002(d), and 3017(d) and is approved.

10. The procedures for distributing the Solicitation Packages as set forth in the Motion satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules. The Debtors shall distribute or cause to be distributed Solicitation Packages to all Entities entitled to vote to accept or reject the Plan by the Solicitation Date, July 16, 2010.

11. The forms of Ballots (including the voting instructions), substantially in the forms attached hereto as **Exhibit D**, are hereby approved.

12. The form of Master Ballot (including the voting instructions), substantially in the form attached hereto as **Exhibit E**, is hereby approved.

13. All votes to accept or reject the Plan must be cast by using the appropriate Ballot or Master Ballot.

14. The Voting Deadline shall be on September 1, 2010 at 5:00 p.m. prevailing Pacific Time, unless otherwise extended by the Debtors. All votes to accept or reject the Plan must be cast by using the appropriate Ballot or the Master Ballot. All Ballots and Master Ballots must be properly executed, completed, and delivered according to their applicable voting instructions by: (a) first class mail, in the return envelope provided with each Ballot or Master Ballot; (b) overnight delivery; or (c) personal delivery, so that the Ballots and Master Ballots are **actually received** by the Notice, Claims, and Solicitation Agent no later than the Voting Deadline at the return address set forth in the applicable Ballot or Master Ballot.

15. The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) in *The Wall Street Journal* and *The Miami Herald* on a date no fewer than fifteen (15) calendar days prior to the Voting Deadline.

16. The form of Non–Voting Status Notice–Deemed to Accept, substantially in the form attached hereto as **Exhibit F**, is hereby approved.

17. The form of Non-Voting Status Notice–Deemed to Reject, substantially in the form attached hereto as **Exhibit G**, is hereby approved.

18. The Debtors shall cause the Notice of Non-Voting Status-Deemed to Accept and the Notice of Non-Voting Status-Deemed to Reject to be served as set forth in the Motion.

19. The Disclosure Statement, the Plan, the Confirmation Hearing Notice, the Ballots, the Master Ballots, the Non-Voting Status Notice—Deemed to Reject and the Non-Voting Status Notice—Deemed to Accept provide all parties in interest with sufficient notice regarding the settlement, release, exculpation, and injunction provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

20. The Debtors shall not be required to solicit the following: (a) Holders of DIP Credit Facility Claims, Administrative Claims, Priority Tax Claims (each in their capacities as such) because such claims are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan; (b) Classes 1, 2, 3, 4, 10, and 12 because such Classes are Unimpaired under the Plan and are conclusively presumed to have accepted the Plan; and (c) Classes 11 and 13 because such Classes are Impaired under the Plan, entitled to no recovery under the Plan, and are therefore deemed to have rejected the Plan. In lieu of distributing a Solicitation Package to such Holders of Claims, the Debtors shall cause the Non-Voting Status Notice–Deemed to Reject and/or the Non-Voting Status Notice–Deemed to Accept as applicable, to be served on such Holders of Claims that are not entitled to vote, each as applicable.

21. The form of the Contract and Lease Counterparties Notice, substantially in the form attached hereto as **Exhibit H**, is hereby approved.

22. The Debtors shall cause the Contract and Lease Counterparties Notice to be served on all counterparties to executory contracts and unexpired leases on or before the latest date by which the Debtors may file (a) a notice or motion to reject an Executory Contract or Unexpired Lease or (b) the schedule of Executory Contracts or Unexpired Leases to be rejected pursuant to Plan as part of the Plan Supplement (the "Contract Rejection Deadline").

23. All Allowed Claims arising from the rejection of Executory Contracts and Unexpired Leases shall be classified as Class 9 General Unsecured Claims against the Debtors and shall be treated in accordance with Article III.B of the Plan. As such, if any counterparty to an Executory Contract or Unexpired Lease is a Holder of a Class 9 General Unsecured Claim as of August 16, 2010 (the "Rejection Claims Record Date"), such counterparty shall receive a Solicitation Package (with an appropriate Ballot) in accordance with the Solicitation Procedures.

24. The form of the Disputed Claim Notice, substantially in the form attached hereto as **Exhibit I**, is hereby approved.

25. The Debtors shall be excused from mailing Solicitation Packages to those Entities to whom the Debtors caused a notice regarding the Disclosure Statement Hearing to be mailed and received a notice from the United States Postal Service or other carrier that such notice was undeliverable unless such Entity provides the Debtors, through the Notice, Claims, and Solicitation Agent, an accurate address not less than ten calendar days prior to the Solicitation Date. If an Entity has changed its mailing address after the Petition Date, the burden is on such Entity, not the Debtors, to advise the Debtors and the Notice, Claims, and Solicitation Agent of the new address.

26. The Cash Election and Rights Offering Procedures, substantially in the form attached hereto as **Exhibit J**, are hereby approved.

27. The First Lien Election Form, substantially in the form attached hereto as **Exhibit K**, is approved.

28. The Second Lien Election Form, substantially in the form attached hereto as **Exhibit L**, is approved.

29. The Debtors shall cause Solicitation Packages provided to Holders of Class 6 First Lien Term Loan Claims and Class 7 Second Lien Term Loan Claims as of the Voting Record Date to include (a) a copy of the Cash Election and Rights Offering Procedures and (b) the applicable Election Form.

30. The Payout Event Procedures, substantially in the form attached hereto as **Exhibit M**, are approved in their entirety. The Debtors are authorized to implement the Payout

Event Procedures and to make such modifications thereto as may be reasonably necessary in the Debtors' business judgment.

31. Pursuant to 1127(a) of the Bankruptcy Code and Bankruptcy Rule 3019(a), the Debtors are authorized to make such conforming changes to the Plan as may be reasonably necessary to reflect the occurrence or non-occurrence of a Payout Event as set forth in the Motion. The Debtors shall not be required to resolicit Holders of claims against or interest in the Debtors on account of such modifications.

32. The Backstop Unit Purchase Agreement by and between the Debtors and the Backstop Parties, substantially in the form attached hereto as **Exhibit N**, is hereby approved, including with respect to the Breakup Fee, the Transaction Expenses, and the Indemnification Provisions.

33. The Debtors are authorized to honor their obligations under the Backstop Unit Purchase Agreement, including with respect to payment of: (a) the Break-Up Fee; (b) the Transaction Expenses; and (c) the Indemnification Provisions as provided by the Backstop Unit Purchase Agreement.

34. The terms and conditions of the Commitment Letter, attached hereto as **Exhibit O**, including the Breakup Fee, are hereby approved, and the Debtors are authorized to effectuate the transactions contemplated thereunder.

35. The Plan Objection Deadline shall be on September 1, 2010 at 5:00 p.m. prevailing Eastern Time.

36. Any objections to the Plan must be filed by the Plan Objection Deadline and must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Bankruptcy Rules; (c) state the name and address of the objecting party and the amount and nature of the Claim or

Interest; (d) state with particularity the basis and nature of any objection to the Plan; (e) propose a modification to the Plan that would resolve such objection (if applicable); and (f) be filed, contemporaneously with a proof of service, with the Court and served so that it is actually received by each of the notice parties identified in the Confirmation Hearing Notice by the Plan Objection Deadline.

37. The Confirmation Hearing shall commence on September 14, 2010 at 11:00 a.m. prevailing Eastern Time, which hearing may be continued from time to time by the Court or the Debtors without further notice other than by such adjournment being announced in open court or by a notice of adjournment filed with the Court and served on (a) all entities that have filed a request for service of filings in the chapter 11 cases pursuant to Bankruptcy Rule 2002 and (b) each of the notice parties identified in the Confirmation Hearing Notice.

38. To the extent not already authorized by the Court, the Debtors' Notice and Claims Agent shall be authorized to assist the Debtors in (a) distributing the Solicitation Packages and soliciting votes on the Plan; (b) receiving, tabulating, and reporting on Ballots and Master Ballots and decisions to opt-out of the third party release provisions within Article VIII.E of the Plan; (c) responding to inquiries relating to the solicitation and voting process, including, all matters related thereto; and (d) conducting all aspects of the Rights Offering, including, among other things, distributing and collecting eligibility questionnaires and Elections Forms and maintaining an escrow account for holding funds deposited on account of Rights Offering Units.

39. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

40. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

41. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

| | |
|---|---|
| New York, New York<br>Date: <u>July 13</u>, 2010 | <u>/s/Shelley C. Chapman</u><br>Honorable Shelley C. Chapman |