DEWEY & LEBOEUF LLP
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333
Irena M. Goldstein
Jeffrey Chubak

*Counsel to Wilmington Trust FSB, as
Second Lien Agent*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| NEFF CORP., et al.,[1] | ) Case No. 10-12610 (SCC) |
| Debtors. | ) (Jointly Administered) |

**JOINDER OF WILMINGTON TRUST FSB TO
DEBTORS' OPPOSITION TO THE MOTION OF THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ENTRY OF AN ORDER
AUTHORIZING THE COMMITTEE TO PROSECUTE CERTAIN
CLAIMS ON BEHALF OF THE DEBTORS' ESTATES**

Wilmington Trust FSB, in its capacity as administrative agent (the "Second Lien Agent") under that certain second lien Credit Agreement among Neff Corp., as borrower, Neff Holdings Corp., Neff Rental, Inc., Neff Rental LLC, and Neff Finance Corp., as guarantors, the Second Lien Agent, and the lenders party thereto, dated as of May 31, 2007, hereby joins and supports the Debtors' opposition, dated September 4, 2010 (the "Debtors' Opposition") to the motion of the Official Committee of Unsecured Creditors (the "Committee") for entry of an order authorizing the Committee to prosecute certain claims on behalf of the Debtors' estates, dated August 18, 2010 ("Committee's Motion").

---

[1] The Debtors in these chapter 11 cases are: Neff Holdings LLC; Neff Corp.; Neff Finance Corp.; Neff Holdings Corp.; Neff Rental, Inc.; and Neff Rental LLC.

1. The Committee's Motion must be denied because the Committee cannot establish: (a) that the Debtors' failure to commence suit is unjustified, (b) the existence of colorable claims and (c) that the Debtors' estates will be benefited. *Unsecured Creditors Comm. v. Noyes (In re STN Enters.)*, 779 F.2d 901, 905 (2d Cir. 1985) ("*STN*").

2. Ignoring *STN,* the Committee essentially argues that this Court should grant it standing to pursue its action because unsecured creditors have nothing to lose and the cost of litigation will be minimal in comparison to the benefit of a home run. (Committee's Motion ¶¶ 44, 89) ("The costs of the proposed litigation are dwarfed by the potential recoveries that the claims in the Proposed Complaint could achieve for Debtors' estate and creditors.")

3. As Judge Posner warned in *Maxwell v. KPMG*, 520 F.3d 713, 719 (7th Cir. 2008), that is not the proper standard for allowing a lawsuit to go forward, and does not make a frivolous lawsuit an exercise in good litigation judgment:

> But frivolous suits are forbidden. So frivolousness must depend *not* on the net expected value of a suit in relation to the cost of suing, but on the probability of the suit's succeeding. If that probability is very low, the suit is frivolous; really that is all that most courts, including ours, mean by the word. (emphasis supplied)

4. As set forth in the Debtors' Opposition, the probability of the Committee succeeding in their proposed litigation is very low, and therefore, the refusal of the Debtors to commence similar litigation was justified. In contrast, there is a high probability that the Debtors' estates and their in-the-money constituents will be harmed if the Committee's Motion is granted. Thus, under *STN*, the Committee should not be granted standing to commence actions on behalf of the Debtors' estates.

WHEREFORE, for the reasons set forth above as well as in the Debtors' Opposition, the Second Lien Agent respectfully request that this Court deny the Committee's Motion and grant such other relief as is equitable and just.

Dated: September 4, 2010
New York, New York

DEWEY & LEBOEUF LLP

By: /s/ Irena M. Goldstein

Irena M. Goldstein
Jeffrey Chubak
1301 Avenue of the Americas
New York, New York 10019
Telephone: (212) 259-8000
Facsimile: (212) 259-6333

*Counsel to Wilmington Trust FSB, as Second Lien Agent*