James H.M. Sprayregen, P.C.
Ray C. Schrock (admitted *pro hac vice*)
Brian S. Lennon
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022-4611
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| NEFF CORP., et al.,[1] | Case No. 10-12610 (SCC) |
| Debtors. | Jointly Administered |

**AGENDA FOR SEPTEMBER 14, 2010 HEARING
SCHEDULED FOR 10:00 A.M. (PREVAILING EASTERN TIME)**

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Neff Holdings LLC (0571); Neff Corp. (6400); Neff Finance Corp. (3639); Neff Holdings Corp. (0431); Neff Rental, Inc. (0403); and Neff Rental LLC (3649).  The location of the Debtors' corporate headquarters and the service address for all the Debtors except Neff Holdings LLC is:  3750 N.W. 87th Ave., Suite 400, Miami, Florida 33178.  The service address for Neff Holdings LLC is:  375 Park Avenue, New York, New York 10152.

| | |
|---|---|
| Time and Date of Hearing: | **September 14, 2010 at 10:00 a.m.** (prevailing Eastern Time) (the "Hearing").[2] |
| Response Deadline: | All responses or objections to any of the motions or applications to be heard at the Hearing, except for the Plan Confirmation, must have been received on or before **September 7, 2010 at 4:00 p.m.** (prevailing Eastern Time). |
| | All responses or objections to Plan Confirmation must have been received on or before **September 1, 2010 at 5:00 p.m.** (prevailing Eastern Time), unless otherwise agreed-to by the Debtors. |
| | All responses or objection to the Standing Motion must have been filed by **September 4, 2010**. |
| Location of Hearing: | United States Bankruptcy Court for the Southern District of New York<br>Alexander Hamilton Custom House<br>One Bowling Green<br>Courtroom No. 610<br>New York, New York 10004-1408 |
| Copies of Pleadings: | A copy of each pleading can be viewed on the Court's website at www.nysb.uscourts.gov and at the website maintained by the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC ("KCC"), at www.kccllc.net/neff. Further information may be obtained by calling KCC at (877) 499-4518. |

---

[2] The Hearing was originally scheduled to commence on September 14, 2010 at 11:00 a.m. (prevailing Eastern Time) but was rescheduled for 10:00 a.m. (prevailing Eastern Time) with the consent of the Court and by agreement of the key parties in interest. The Debtors have provided notice of this time change pursuant to the Notice of Change in Hearing Time to 10:00 a.m. (prevailing Eastern Time) for the September 14, 2010 Hearing [Docket No. 407].

**I. Resolved Matters**

1.  <u>Sperduto Motion to Lift Stay</u>. Patrick Sperduto's Motion to Left Automatic Stay to the Extent of Liability Insurance [Docket No. 221].

    <u>Responses Received</u>: None

    <u>Related Documents</u>:

    A.  Stipulated Modification of Automatic Stay [Docket No. 380].

    <u>Status</u>: This matter has been resolved.

2.  <u>Illinois Department of Employment Security Motion to Allow Administrative Claim</u>. Motion of the Illinois Department of Employment Security to Allow Payment of Administrative Claims [Docket Nos. 337 & 338].

    <u>Responses Received</u>: None

    <u>Related Documents</u>:

    A.  Notice of Withdrawal of Motion of the Illinois Department of Employment Security to Allow Payment of Administrative Claims [Docket No. 416].

    <u>Status</u>: This matter has been resolved.

**II. Uncontested Matters**

3.  <u>Lease Assumption and Rejection Deadline Extension Motion</u>. Motion of the Debtors for Entry of a Bridge Order and an Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property [Docket No. 365].

    <u>Responses Received</u>: None.

    <u>Related Documents</u>:

    A.  Bridge Order, Pending a Hearing on the Motion of the Debtors for Entry of an Order Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property, Extending the Deadline to Assume or Reject Unexpired Leases of Nonresidential Real Property [Docket No. 399].

    <u>Status</u>: This matter is going forward.

**III. Contested Matters**

4. <u>McPherson and Singletary Stay Application</u>. McPherson and Singletary's Application for Relief from the Automatic Stay [Docket No. 320].

    <u>Responses Received</u>: None.

    <u>Related Documents</u>: None.

    <u>Status</u>: The Debtors are working to consensually resolve this matter, and have received an extension of their objection deadline to September 13, 2010 in the interim.

5. <u>CSX Transportation, Inc. Motion to Modify Stay</u>. Notice of Motion to Modify Stay to Permit Prosecution of Pending Lawsuit (McPherson v. Davis, *et al.*) [Docket Nos. 327 & 328].

    <u>Responses Received</u>: None.

    <u>Related Documents</u>: None.

    <u>Status</u>: The Debtors are working to consensually resolve this matter, and have received an extension of their objection deadline to September 13, 2010 in the interim.

6. <u>Motion to Intervene</u>. Motion to Intervene as Plaintiff/Creditors under Rule 7024, Fed. R. Civ. P. Rule 24(A)2 [sic], 24(B) by Movants [Docket No. 343].

    <u>Responses Received</u>:

    A. Debtors' Objection to Motion to Intervene as a Plaintiff/Creditor Filed by Jonathan Lee Riches [Docket No. 403].

    <u>Related Documents</u>: None.

    <u>Status</u>: This matter is going forward on a contested basis.

7. <u>Romero Motion to Lift Stay</u>. Steve Romero's Motion to Lift the Automatic Stay to the Extent of Liability Insurance [Docket No. 291].

    <u>Responses Received</u>:

    A. Objection of the Debtors to Steve Romero's Motion to Lift the Automatic Stay to the Extent of Liability Insurance [Docket No. 378].

    <u>Related Documents</u>:

    B. Steve Romero's Notice of Hearing for Motion to Left Automatic Stay

to the Extent of Liability Insurance [Docket No. 308].

Status: This matter is going forward on a contested basis.[3]

**IV. Plan Confirmation**

8. Chapter 11 Plan Confirmation. Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Modifications) [Docket No. 423]

    Responses Received:

    A. Treasurer of Douglas County, Colorado's Objections to Confirmation of the Debtors' July 12, 2010 Amended Plan of Reorganization [Docket No. 307]. **[Resolved]**

    B. Objection of Williamson County, Texas to Confirmation of Debtors' Amended Joint Plan of Reorganization [Docket No. 363]. **[Resolved]**

    C. Miami-Dade County Tax Collector's Objection to Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 372]. **[Resolved]**

    D. Treasurer of Douglas County, Colorado's Objections to Confirmation of the Debtors' August 19, 2010 Second Amended Plan of Reorganization [Docket No. 373]. **[Resolved]**

    E. Objection of Ector County Appraisal District, Galveston County, Harris County, Montgomery County, Round Rock Independent School District, Tarrant County and Texas City Independent School District to Debtors' Second Amended Joint Plan of Reorganization [Docket No. 374]. **[Resolved]**

    F. Eagle Mountain - Saginaw Independent School District's Objection to Debtors' Second Amended Joint Plan of Reorganization [Docket No. 376]. **[Resolved]**

    G. Pima County's Objection to Confirmation of Debtor's Second Plan of Reorganization Date August 19, 2010 [Docket No. 377]. **[Resolved]**

    H. Objection of Certain Chartis Companies to (I) Debtors Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code and (II) Notice of Filing of Schedule of Cure Costs for Executory Contracts and Unexpired Leases to be Assumed and Assigned by the Debtors as

---

[3] Counsel to Steve Romero will be appearing telephonically.

Exhibit 8 to the Supplement to the Debtors' Amended Joint Plan Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 379]. **[Resolved with respect to Confirmation]**

I. Objection of the Official Committee of Unsecured Creditors to Confirmation of Debtors' Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 384].

J. Reply of Wayzata Investment Partners and Apollo Capital Management to the Objection of Official Committee of Unsecured Creditors to Confirmation of Debtors' Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 426].

Related Documents:

K. [Proposed] Findings of Fact, Conclusions of Law, and Order Confirming Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 425].

L. Debtors' Memorandum of Law (a) in Support of Confirmation of the Debtors Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code and (b) in Response to Objections Thereto [Docket No. 418].

M. Exhibits to Debtors' Memorandum of Law (a) in Support of Confirmation of the Debtors Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code and (b) in Response to Objections Thereto [Docket No. 419].

N. Declaration of Mark Irion in Support of confirmation of the Debtors' Second Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 420].

O. Declaration of Douglas J. Friske in Support of (a) Payment of Emergence Awards and (b) the Implementation of the Debtors' Management Equity Incentive Plan and Emergence awards Pursuant to the Debtors Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 421].

P. Supplement to Debtors' Joint Plan Pursuant to Chapter 11 of the United States Bankruptcy Code [Docket No. 34].

Q. Order Approving the Debtors' Amended Disclosure Statement and Granting Related Relief [Docket No. 267].

R. Notice of Filing of Schedule of Executory Contracts and Unexpired Leases to be Rejected by the Debtors as Exhibit 9 to the Supplement to the Debtors' Amended Joint Plan Pursuant to Chapter 11 of the United

States Bankruptcy Code [Docket No. 272].

S. Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 346].

T. Blackline of Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 347].

U. Notice of Successful Bid Pursuant to Amended Payout Event Procedure [Docket No. 348].

V. Notice of Filing Form of Operating Agreement as Exhibit 11 to the Supplement to Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 382].

W. Notice of Amendment to Backstop Unit Purchase Agreement [Docket No. 383].

X. Notice of Filing of MEIP Term Sheet as Exhibit 13 to the Supplement to the Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 389].

Y. Notice of Filing Form of Capital Call Agreement as Exhibit to the Supplement to Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 390].

Z. Certification of James Sean McGuire With Respect to the Tabulation of Votes on the Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code [Docket No. 391].

AA. Blackline of Debtors' Second Amended Joint Plan Pursuant to Chapter 11 of the Bankruptcy Code (With Technical Modifications) [Docket No. 424].

Status: This matter is going forward on a contested basis.

9. Standing Motion. Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Bankruptcy Estates [Docket No. 345] (the "Standing Motion").

Responses Received:

A. Debtors' Opposition to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Bankruptcy Estates [Docket No. 394].

B. Exhibits to Debtors' Opposition to the Motion of the Official

7

C. Joinder of Wilmington Trust FSB to Debtors' Opposition to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Debtors' Estates [Docket No. 393].

D. Objection of Wayzata Investment Partners and Apollo Capital Management to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Bankruptcy Estates [Docket No. 396].

E. Objection of Bank of America, N.A., as Agent for the Post-Petition Lenders, to Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Bankruptcy Estates [Docket No. 397].

F. Corrected Exhibit 37 to Debtors' Opposition to the Motion of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Committee to Prosecute Certain Claims on Behalf of the Bankruptcy Estates [Docket No. 411].

G. Reply Of Official Committee Of Unsecured Creditors In Further Support Of Motion For Authority To Prosecute Certain Claims On Behalf Of The Bankruptcy Estates [Docket No. 417].

Related Documents:

H. Order Authorizing the Official Committee of Unsecured Creditors to File an Unredacted Version of its Motion for Authorization Under Seal [Docket No. 351].

I. Order Authorizing the Debtors to (A) File Under Seal an Unredacted Version of Certain Documents and (B) Limiting Notice Thereof [Docket No. 398].

Status: This matter is going forward on a contested basis.

10. Exclusivity Extension Motion. Motion of the Debtors for Entry of a Bridge Order and an Order Extending Their Exclusive Periods to File and Solicit Votes for a Chapter 11 Plan Pursuant to Section 1121(d) of the Bankruptcy Code [Docket No. 368].

Responses Received:

A. Objection of Official Committee of Unsecured Creditors to Motion of the Debtors for Entry of an Order Extending Their Exclusive Periods to File and Solicit Votes for a Chapter 11 Plan Pursuant to Section 1121(d) of the Bankruptcy Code [Docket No. 401] (the "Exclusivity Objection").

Related Documents:

B. Bridge Order, Pending a Hearing on the Motion of the Debtors for Entry of an Order Extending the Debtors' Exclusive Periods to File and Solicit Votes for a Chapter 11 Plan Pursuant to Section 1121(d) of the Bankruptcy Code, Extending the Debtors' Exclusive Periods to File and Solicit Votes for a Chapter 11 Plan [Docket No. 400].

Status: This matter is going forward on a contested basis.

| | |
|---|---|
| New York, New York<br>Dated: September 12, 2010 | */s/ Brian S. Lennon*<br>James H.M. Sprayregen, P.C.<br>Ray C. Schrock (admitted *pro hac vice*)<br>Brian S. Lennon<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022-4611<br>Telephone:  (212) 446-4800<br>Facsimile:  (212) 446-4900<br><br>- and -<br><br>Anup Sathy, P.C. (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:  (312) 862-2000<br>Facsimile:  (312) 862-2200<br><br>Counsel to the Debtors and Debtors in Possession |